SIMON EIMER, Appellant, *v.* JOSEPH RICHARDS *et al.,* Appellees.

APPEAL FROM ST. CLAIR.

A party may, in an attachment suit, enter into recognizance in open court, and have a restoration of his property ; and such recognizance will be good, although the condition should be, that the principal (the defendant in attachment) and also the sureties, should pay whatever judgments should be rendered in the suit in attachment, such a condition not being a material departure from the statute.

Interest being an incident of the judgment, may be included in the condition of such a recognizance.

In an action upon such a recognizance, the regularity of the judgment in the attachment suit cannot be inquired into.

Debt may be brought on a recognizance which is not signed by the parties.

THIS was an action of debt brought by Richards and others, appellees, against Simon Eimer, appellant, upon a recognizance entered into in open court, upon an attachment suit brought against Isaac Shelby and others.

This suit was originally commenced by said Richards and others against Isaac Shelby, Jr., and Simon Eimer.   A demurrer having been filed to all the counts, it was sustained by the court. The court gave leave to plaintiffs to dismiss the suit as to Isaac Shelby, Jr., and to amend writ and bond for costs ; and gave leave to amend the declaration.

The declaration was amended.

Defendants re-filed their demurrer, which demurrer was over-ruled by the court, and judgment rendered upon the demurrer, for penalty of recognizance and damages, and judgment to be discharged by payment of the damages, viz. : five thousand three hundred and ninety-eight dollars, and fifty-five cents.

The first count in the declaration alleges that defendant Eimer in open court entered into a certain recognizance before the presiding judge, acknowledging himself to be indebted to plaintiffs in the sum of seven thousand dollars, if default should be made in the conditions of said recognizance, which were as follows, viz. : If the said defendants severally entered into the same recognizance at the same time and place, and one Isaac Shelby, Jr., who entered, should well and truly pay the full amount of whatever judgment should thereafter be rendered in favor of said plaintiffs, together with the interest thereon, and the proper costs of the said plaintiffs in a certain attachment proceeding for the recovery of forty-three dollars and fifty cents, and then depending in said court, by and at the suit of said plaintiffs against the said Isaac Shelby, Jr., Henry Parkens, and T. Porter Shaw, co-defendants, within ninety days from the rendition of said judgment, then said recognizance was to be null and void, otherwise, etc., as by the record, etc.   Declaration alleges that plaintiff in said case recovered judgment against one of the defendants, Isaac Shelby, Jr., for $5,000 and costs ; that execution was issued, and returned no property found ; that ninety days have elapsed before commencement of this suit ; that neither defendant Eimer nor said Shelby have paid said judgment, nor have they discharged the recognizance, whereby an action has accrued.

The second count recites the proceedings in the attachment case by plaintiffs against Shelby, Parkens and Shaw more fully ; a levy on property of said defendants under the writs of attachment..

Appearance of Shelby to attachment suit.

That said Shelby, together with said Eimer, entered into a voluntary recognizance of record in open court, reciting said recognizance as in first count.   That in consideration of said recognizance, the said attachments were dissolved, and property restored.   Alleges judgment in the attachment case as in first count, and non-payment.

Eimer *v.* Richards et al.

Third count is not materially different from the second, only it does not aver restoration of the attached property, nor the issuing of any execution.

Fourth count avers that Eimer alone entered into a voluntary recognizance in said attachment case, reciting said recognizance as before. Avers judgment in attachment case against Shelby, the issuing of executions, etc. Does not allege any considerations for entering into recognizance, nor that the property attached was released.

The errors assigned are—

That court allowed the appellees to dismiss the case as to Isaac Shelby, and to amend writ, bond and declaration, and continued the case as to Eimer, one of the defendants.

That court overruled the defendant's demurrer and gave judgment against the defendant on the demurrer, instead of giving it for the defendant.

That the court entered the judgment in manner and form as said judgment appears on the record.

By stipulation, the venue of this appeal was changed to the Second Grand Division.

G. Kœrner, and W. H. Underwood, for Appellant.

J. Baker, for Appellees.

Caton, C. J. It is unnecessary now to determine whether it is at this day competent, as was the practice in former times, when but few in the community could read or write, for all persons to appear in open court and enter into recognizances, as evidence of their private contracts in no way connected with any proceeding pending or to be pending in the court. In this case not only the averments of the several counts of the declaration, but the recognizance set out therein, show that it was taken in a case expressly authorized by law.

An objection is taken that the condition of the recognizance not only is, that the principal therein, who was the defendant in the attachment, but also the sureties, should pay whatever judgment should be rendered in the attachment case. This is no substantial departure from the provisions of the statute. It does not affect the legal obligation of the recognizance. That redundancy in the condition expresses no more than was legally implied before. Without it, either of the cognizors had the right to go and pay the judgment, and thus discharge or satisfy the condition of the recognizance. If it was not paid by some one, then all were liable; if it was, then none were. The legal effect was precisely the same in either case. So also of the

objection that the word interest is inserted in the condition. If not inserted it would have been implied. Interest, by our statute, is made an incident to the judgment.

We cannot in this collateral action inquire into the regularity of the judgment in the attachment proceeding. It appears to be in the same action to which reference is made in the recognizance, and the court had jurisdiction of the subject matter. That is conclusive in a collateral proceeding.

The several other technical and formal objections which were made to the declaration, have been considered by the court and found to be untenable.

Finally, it is objected that debt cannot be brought on a recognizance which is not signed by the parties, but that the only remedy is by *sci. fa.* If that distinction is to be found in some of the old books, the rule is not recognized at least in modern times. That distinction cannot be supported by any philosophical reason, and is inconsistent with the general rules by which remedies on record obligations are afforded.

We do not think the objection tenable. The judgment must be affirmed.

*Judgment affirmed.*