JAMES F. FREEMAN *vs.* SAMUEL W. CREECH, JR.

An attachment is discharged as to a subsequent purchaser by an amendment, made without notice to him, which adds to the declaration a new cause of action.

As against one claiming title to real estate by virtue of an attachment and a subsequent levy of execution, a purchaser after the attachment and before the levy may show by parol evidence that an amendment made to the declaration added a new cause of action.

WRIT OF ENTRY to recover land in Boston. It appeared from an agreed statement of facts that both parties claimed title from one Wentworth; that one McNiel sued Wentworth in an action of contract, and attached the land in question; that, after the attachment, Wentworth mortgaged the premises; that the mortgage title by assignment came to the demandant; that after the making of the mortgage McNiel filed an amended declaration containing additional counts; that it did not appear upon the record that the original and the amended declaration were for the same cause of action; that the case was heard before a referee upon the amended declaration; that afterwards McNiel obtained judgment upon the referee's award; that execution issued and was levied upon the demanded premises; and that the tenant claimed title through this levy.

It was admitted, "if legally provable by oral testimony, that neither of the claims set forth in the third and fourth counts of the amended declaration was included in the original declaration, and that the referee included in his award the amount claimed in the third count, and at least a part of the amount claimed in the fourth count."

Upon the statement of facts, judgment was ordered in the Superior Court for the tenant, and the demandant appealed.

*J. S. Abbott*, for the demandant.

*B. E. Perry & S. W. Creech, Jr.*, for the tenant.

BY THE COURT. The demandant, as subsequent purchaser, is not shown to have had any notice of the amendment of the declaration in the action in which the attachment was made under which the tenant claims title. It does not appear on the face of the original and amended declarations that they were for the same cause of action, and oral evidence is therefore admissible

to show whether they were or were not.   It being admitted, if
legally provable by such evidence, that claims not included in the
original declaration were included in the amended declaration, and
in the award and judgment and levy of execution on which the
tenant relies, the attachment was dissolved, and the levy gave no
title, as against this demandant.   His title is therefore better than
the tenant's.   Gen. Sts. *c.* 129, § 82.   *Hill* v. *Hunnewell*, 1 Pick.
192.   *Willis* v. *Crooker*, Ib. 204, 206, note.   *Wood* v. *Denny*, 7
Gray, 540, 542.                         *Judgment for the demandant.*