## S. A. PRINCE *vs.* EDMUND W. CLARK & another.

Hampden.   Sept. 23. — Nov. 29, 1879.   ENDICOTT & LORD, JJ., absent.

A. brought an action against B. for a certain amount, and B. brought an action against A. for a balance of account, the balance being arrived at by deducting the amount of A.'s claim against B.   A.'s property was attached in the second action, and he gave a bond to dissolve the attachment.   B. by mistake was defaulted in the action against him, and judgment was entered against him and paid.   He then was allowed to amend the declaration in his action against A., by adding to the balance claimed the amount so paid by him, without notice to the sureties on A.'s bond, and without their knowledge or consent, and judgment was recovered by B.   *Held,* that the sureties were discharged by the amendment.

CONTRACT against the sureties on a bond given to dissolve an attachment.   Writ dated September 8, 1877.   The case was submitted to the Superior Court, and, after judgment for the defendants, to this court on appeal, on an agreed statement of facts in substance as follows:

By writ dated December 20, 1875, and served the same day, S. H. Barrett, the principal in said bond, sued the plaintiff Prince for a merchandise account of $507.30.   By writ of the same date, issued subsequently, and served the same day, the plaintiff sued Barrett in an action of contract, and attached Barrett's goods, to dissolve which attachment the bond in suit was given on December 21, 1875, and was in the usual form. No declaration was inserted in the writ, nor demanded, nor filed, until the writ was entered at March term 1876 of the Superior Court.   The *ad damnum* and amount of attachment in said writ was $2000, and the declaration when filed was upon an account annexed, claiming a balance of $431.86 and interest, and was a statement of the entire claim of Prince against Barrett.   Among the items of credit given was the following: "November 24, 1875.   By merchandise, $545.54;" and it was by deducting this item of credit that the balance claimed was arrived at.   When the writ in the action of Barrett against Prince was entered at the same term, the declaration showed that the cause of action was for the same merchandise for which Barrett had received the credit above named in the declaration of Prince against Barrett.   At the time of signing the bond the defendants knew that Barrett had brought an action against Prince, but were

ignorant of the particulars thereof. In the case of Barrett against Prince, the defendant by mistake was defaulted at the first term; execution issued, and was paid by him before the next June term. The defendants also knew before the declaration was amended, as hereafter stated, that Barrett had recovered judgment, and that the same had been paid.

At the June term, the case of Prince against Barrett was referred to an auditor, at the hearing before whom the plaintiff gave notice that he should move to amend the declaration by striking out the words "four hundred thirty-one dollars and eighty-six cents," and substituting therefor "nine hundred seventy-seven dollars and forty cents," and adding to said account a charge against the defendant for "cash paid, $545.54." The auditor found that a certain amount was due the plaintiff, as the declaration then stood; and, in case the amendment should be allowed by the court, the same amount should be increased by the amount of said item of credit in the original declaration. Upon the coming in of the auditor's report, the amendment was allowed, and judgment was entered for the plaintiff for $730.42, and interest, at June term 1877, upon which execution duly issued; and demand was duly made upon the principal and sureties in said bond, and payment refused, and the execution was returned unsatisfied; and no part of said judgment has been paid. The amendment was made without notice to the defendants, and without their knowledge or consent, and they had no connection with or participation in the proceedings in either action, except to sign the bond in suit.

If, upon the foregoing facts, the court should be of opinion that the sureties were liable for the whole amount of the original judgment, judgment was to be entered for the plaintiff for $865.45, and interest from September 8, 1877; if the bond was in force only for the judgment upon the amount claimed in the original declaration, then judgment was to be entered for $319.91, and interest from that date; or judgment was to be entered for the defendants, as the court should determine.

*H. B. Stevens*, for the plaintiff.

*M. P. Knowlton*, for the defendants.

AMES, J. In the original declaration, the debt alleged to be due to the plaintiff was described as the balance of an account,

amounting to the sum of $431.86. The sureties upon the bond given for the dissolution of the attachment must have understood that they made themselves responsible, in no possible event, for more than the amount of that balance, with interest and costs. The effect of the amendment has been to change the plaintiff's claim from a claim for the balance of the account to one for the entire account, thereby more than doubling the amount which he claims of the sureties, or which they had any intent to assume. This change is not a mere correction of a misdescription of the plaintiff's claim, but it is an addition to it of the entire amount of the credit which had been given in the original declaration. The amendment became necessary in order to protect the plaintiff from the consequences of his own neglect or mistake in defending against a cross action; but the effect of it was clearly to introduce claims not included in, but on the contrary expressly excluded from, the original declaration. For these claims, the sureties on the bond given to dissolve the attachment are not liable. Gen. Sts. *c.* 129, § 82. *Hill* v. *Hunnewell*, 1 Pick. 192. *Willis* v. *Crooker*, 1 Pick. 204. *Wood* v. *Denny*, 7 Gray, 540. *Freeman* v. *Creech*, 112 Mass. 180.

*Judgment affirmed.*