CUTLER and others *v.* LANG.

*(Circuit Court, D. New Hampshire.* February 17, 1887.)

ATTACHMENT—DISSOLUTION BY AMENDMENT.
    An attachment is not dissolved by an amendment of the writ and declaration increasing the amount claimed, made after another attachment has intervened, where the first attaching creditor, upon obtaining judgment for the increased amount and taking out execution, directs the sheriff to levy only for the amount originally claimed.

At Law.
*Bingham & Mitchell,* for plaintiffs.
*Mr. Barnard,* for defendant.

COLT, J. This case was heard by the court; jury trial having been waived. It is an action on the case brought against the defendant as

deputy-sheriff. A brief statement of the leading facts is necessary to properly understand the question of law which is raised, and on which the case turns. On September 14, 1883, one E. G. Stevens sued out a writ of attachment against George A. Stevens, of Milton, New Hampshire, returnable to the supreme court of New Hampshire, which was placed in the defendant's hands as deputy-sheriff, and on which he attached the property of George A. Stevens. On September 17, 1883, three days afterwards, the plaintiff also brought suit against George A. Stevens in the same court, on which the defendant as deputy-sheriff attached the same property subject to prior attachment. At the March term, 1884, of the state court, the plaintiff applied for leave to appear as subsequent attaching creditor, and defend the E. G. Stevens suit, which was granted. Both actions were continued until the September term, 1884, when the plaintiffs obtained a judgment in their suit for the sum of $501.91, and costs, upon which execution was issued, and placed in defendant's hands, with a request to levy on the property of George A. Stevens, the defendant in the suit. At the same term, 1884, the E. G. Stevens suit was tried by the court, and at that trial the plaintiff, Stevens, moved to amend his suit by increasing the *ad damnum* from $1,500 to $4,000, and by inserting $4,000 in place of $1,500, in the clause directing the sheriff to attach the property, and also in the declaration. These amendments were allowed, and judgment was rendered for the plaintiff for the sum of $3,701, and execution issued and placed in this defendant's hands. At the same time execution was placed in his hands he was given written instructions to levy upon said execution only to the extent of $1,500, being the amount of property attached on the original writ. After satisfying judgments given to E. G. Stevens, this defendant, as deputy-sheriff, had remaining in his hands the sum of $1,504.30.

Upon this state of facts the plaintiffs contend that the attachment in the E. G. Stevens suit was dissolved under the rule that the increase of the amount declared on in a writ and of the *ad damnum*, and the subsequent rendition of a judgment for a sum larger than could have been recovered under the original writ, is such an amendment of the proceedings as dissolves any attachments made upon the original writ as against subsequent attachments of the same property made previous to the amendment. *Clough* v. *Monroe*, 34 N. H. 381; *Laighton* v. *Lord*, 29 N. H. 237; *Page* v. *Jewett*, 46 N. H. 441; *Fairfield* v. *Baldwin*, 12 Pick. 388; *Peirce* v. *Partridge*, 3 Metc. 44. In defense it is urged that amendments of this character may have the effect to dissolve the attachment according to circumstances, and the intention of the party making them to use them to the prejudice and injury of other attaching creditors, and that here there was no intent to injure them as shown by the instructions given to the sheriff; and, further, that these amendments were made necessary by the course of these plaintiffs in appearing in the E. G. Stevens suit, and opposing any and every part of his claim against George A. Stevens. In support of this position is cited Drake, Attachm. § 285; *Felton* v. *Wadsworth*, 7 Cush. 587; and *Page* v. *Jewett*, *supra*.

The reason why entering judgment, and taking out execution for a larger sum than is claimed in the original writ, discharges the attachment, is that it operates or may operate as a fraud upon subsequent attaching creditors. But, if it is done with no intent to prejudice or injure subsequent attaching creditors; if, as in this case, the party gives written instructions to the sheriff to levy upon the property only to the extent of the amount claimed in the original writ,—it is difficult to see why the attachment should become void.

In *Felton* v. *Wadsworth, supra,* the court held that, if an attorney inadvertently, and without the knowledge of his client, takes judgment and obtains execution for a sum more than is really due, and on discovering the mistake goes to the officer who has the execution, and gives him instructions relative to the service thereof, which the officer refuses to follow, it does not dissolve the attachment. The court in this decision comment upon the cases of *Fairfield* v. *Baldwin* and *Peirce* v. *Partridge,* and say:

"Both these cases, therefore, were decided on the ground of fraud, and it is difficult to see on what other ground a party could be deprived of a just debt. * * * There must therefore be fraud to bring a case within the principle of these adjudged cases. If, in the present case, there was no fraud, no wrong done, or attempted or intended to be done; if the judgment was taken for too much inadvertently by the attorney, and the party had no purpose of obtaining as his execution any more than was due to him, and no more was taken,—then this case does not come within the principle of the adjudged cases, and there is no just principle upon which the plaintiff could be deprived of what was justly due to him."

The authorities are reviewed in *Page* v. *Jewett, supra,* and the reasoning of the court is in harmony with *Felton* v. *Wadsworth.*

The question seems to be one of fraudulent or improper intent. If the attaching creditor takes judgment for a larger sum, and seeks to collect this whole amount, it is held to be a fraud as to subsequent attaching creditors, unless in case of accident or mistake. In the present case the creditor never proceeded to collect the larger judgment, but, on the contrary, at the time execution was issued and put into the officer's hands, he gave written and positive instructions limiting his claim to the amount recoverable in the original writ, which goes to prove that he neither attempted nor intended any injury to subsequent attaching creditors. Under these circumstances, I do not think the attachment was dissolved.

Let judgment be entered for defendant, with costs.