JOHN HAY v. EDWARD O. TUTTLE.[1]

December 28, 1896.

Nos. 10,201—(112).

**Insolvency—Security—Conversion.**

The acceptance by a creditor from his debtor of a preferential security, voidable under the insolvent law, does not constitute a wrongful conversion.

**Same—Action by Assignee.**

In the absence of a prior wrongful conversion, the assignee in insolvency has no election to sue for the value of the property. Clerihew v. West Side Bank, 50 Minn. 538, followed.

**Same—Nonresident—Comity.**

In his complaint, the assignee alleged facts constituting a voidable pref-erence; that he had demanded of defendant a return of the property, which was refused; and asked for judgment for its value. The defend-ant being a nonresident, plaintiff also caused an attachment to be issued and levied on his property in this state. The defendant appeared in the action, and answered, denying that the transfer of the security was an unlawful preference, and also denying that any demand had ever been made on him for the return of the property. On the trial, the plaintiff failed to prove a demand on defendant, or any conversion of the property by him. *Held* (Start, C. J., and Mitchell, J., dissenting) that, plaintiff hav-ing thus compelled the defendant to appear for the purpose of defending his property in an action ostensibly for conversion, it would be a breach of comity, amounting to a fraud on him, to permit the plaintiff to change front, and treat the action as one to set aside the transfer, and for the re-covery of the property.

Appeal by defendant from a judgment of the district court for Hennepin county in favor of plaintiff for $960.36, and adjudging that if defendant should return certain shares of stock the judgment should be satisfied in the sum of $905.88, entered in pursuance of the findings and order of Elliott, J. Reversed.

*Henry E. Barnes, Jr.*, and *Selden Bacon*, for appellant.
*Arctander & Arctander*, for respondent.

MITCHELL, J. This action was brought by plaintiff, as assignee of one Page, under a general assignment for the benefit of creditors.

[1] Reported in 69 N. W. 696.

The right of action was predicated on the fourth section of the insolvent law. G. S. 1894, § 4243. The allegations of the complaint were that, within 90 days of making the assignment, Page, being then insolvent, and the defendant knowing that fact, transferred to defendant certain shares of stock as security for a pre-existing debt, with a view of giving defendant a preference; that, after plaintiff had qualified as assignee, he demanded a return and retransfer of the stock, but that defendant refused to do so. The prayer for judgment was for the value of the stock, and such other and further relief as to the court might seem meet. The defendant being a nonresident, the plaintiff caused an attachment to be issued and levied on his property in this state.

The defendant appeared and answered, admitting the transfer of the stock, but denying that Page was then insolvent, or that defendant knew or had reasonable cause to believe that he was insolvent, and also denying that Page made the transfer with intent to give a preference. As a second defense, the defendant denied that plaintiff had ever demanded a return of the stock, or had ever notified him of any intention to set aside the transfer, or that he claimed the right to do so. The court found the facts in accordance with the allegations of the complaint, including that as to a demand and refusal to return the stock, and ordered judgment against defendant for the value of the stock and costs, conditioned, however, that, if defendant would return the stock, the judgment should be satisfied to the amount of the value of the stock.

The finding that, prior to the commencement of the action, plaintiff had demanded a return and retransfer of the stock, but that defendant had refused to do so, was wholly unsupported by evidence. The only demand attempted to be proved was made on the agent or attorney of the defendant to whom Page had delivered the stock. But it appeared that previously this agent had transmitted the stock to the defendant in Massachusetts, and that his agency in the matter had terminated. There was no other evidence offered for the purpose of proving that defendant had converted the stock. On the contrary, it affirmatively appeared that he still held it. The acceptance of the transfer of the stock from Page did not constitute a conversion of it. That transfer was perfectly valid, except as against insolvency proceedings instituted within 90 days thereafter, in which

case it would be voidable at the instance of the assignee. In the absence of a prior wrongful conversion of the stock, plaintiff had no election to sue for its value. His remedy was to demand a return of the specific property. He would only be entitled to recover its alternative value in case the property itself could not be recovered. Clerihew v. West Side Bank, 50 Minn. 538, 52 N. W. 967.

Nor was this a case, as is often the fact in replevin, where a demand was waived by defendant asserting title to the property in himself; for in this case, treated as an action for conversion, the prior demand and refusal were an essential part of plaintiff's cause of action, for it was all he had to rely on as constituting a conversion. The court, however, treated the action as one to set aside the transfer, and to compel a return of the stock, and for judgment for its value only in case such return was not made by the defendant; for, while the court has inverted the proper order of things, that is what his order for judgment, in effect, amounts to. Such an action could be maintained without any prior demand for a return of the property transferred. Inasmuch as the complaint states facts sufficient to entitle the plaintiff to the relief granted, and as, apparently, all the facts were fully in evidence, the act of the court would, we think, have been perfectly proper had the defendant been a resident of the state, so that jurisdiction of his person could have been obtained in any form or kind of action.

But, upon the facts, there was an important question of comity involved. The defendant being a nonresident, no jurisdiction of his person could be obtained, unless he voluntarily came within the state, or voluntarily appeared in an action. By framing his complaint ostensibly as one for conversion, and attaching defendant's property, as if the action was one for the recovery of money, the plaintiff compelled the defendant to appear, and submit to the jurisdiction of the court, for the purpose of protecting his property against the attachment.

Chief Justice START and myself are of opinion that no rule of comity was violated, inasmuch as defendant did not confine himself to a denial of the conversion, but took issue on all the allegations of the complaint, and asserted the validity of the transfer; and the relief granted was consistent with the case made by the complaint, and embraced in the issues tendered by the answer, and there is no

suggestion that the plaintiff was guilty of any intentional fraud for the purpose of securing jurisdiction of defendant's person. But the majority of the court are of opinion that, defendant having been compelled to appear in order to protect his property from attachment in an action ostensibly for conversion, it would be a constructive fraud upon him, amounting to a breach of comity, to allow plaintiff to change front, and avail himself of defendant's appearance, for the purposes of an action to set aside the transfer of the stock, and for its return, in which the courts of this state could never obtain jurisdiction of defendant's person except by his voluntary appearance; that courts should be very careful to prevent the enforced appearance of a nonresident on one purpose being used for some other and ulterior purpose.

For this reason the judgment is reversed.