JOHN D. BATCHELDER, assignee, *vs.* GRANT W. PIERCE.

Suffolk.   November 16, 1897. — February 4, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Declaration — Amendment — Exception — Law and Fact.*

In an action by an assignee in insolvency to recover the value of goods alleged to have been fraudulently transferred by the debtor to the defendant as a preference, the declaration may be amended, under Pub. Sts. c. 167, §§ 42, 85, by adding a count for a fraudulent assignment of certain accounts receivable; and to the ruling allowing the amendment, which is merely a question of fact, no exception lies.

TORT, by the assignee of the estate of George W. Field, to recover the value of certain goods. The declaration contained two counts, the first of which alleged that the defendant had reasonable cause to believe Field to be insolvent, and that the conveyance was in contravention of the laws relating to insol-

vency, and was fraudulent and void; and that the plaintiff was entitled to recover from the defendant the value of the property. The second count was for the conversion of the goods.

At the trial in the Superior Court, without a jury, before *Gaskill*, J., the plaintiff moved to amend the declaration by adding thereto a count for a fraudulent assignment of certain accounts receivable, and the judge, against the objection of the defendant, allowed the amendment; and the defendant excepted.

Upon all the evidence, including that on the count added by the amendment, the judge found for the plaintiff; and the defendant alleged exceptions.

*H. P. Harriman & F. J. Daggett,* (*G. P. Wardner* with them,) for the defendant.

*W. B. French,* for the plaintiff.

KNOWLTON, J. The plaintiff, an assignee in insolvency, brought a suit to recover the value of a stock of goods alleged to have been fraudulently transferred by the debtor to the defendant as a preference. He was allowed to amend his declaration by adding a count for a fraudulent assignment of certain accounts receivable. The defendant's only exception is to the allowance of the amendment. The allowance of the amendment was an adjudication under the Pub. Sts. c. 167, §§ 42, 85, that the cause of action relied on by the plaintiff when the action was commenced was a fraudulent transfer of the property, which included the accounts, although perhaps the plaintiff did not then know what property was covered by the conveyance. If his purpose was to recover the value of everything included in the fraudulent transfer, and if he did not mention the accounts in the original declaration because he did not know until afterward that they were included, he was properly allowed to amend his declaration. The decision involved a finding of fact.

The effect of these sections of the statute, in creating " an essential change in the power and practice of the court in allowing amendments," is stated at length by Chief Justice Bigelow in *Mann* v. *Brewer*, 7 Allen, 202. See also *Wood* v. *Denny*, 7 Gray, 540; *Freeman* v. *Creech*, 112 Mass. 180; *Doran* v. *Cohen*, 147 Mass. 342; *Townsend National Bank* v. *Jones*, 151 Mass. 454; *Driscoll* v. *Holt, post*, 262.

The Pub. Sts. c. 167, § 85, which makes the adjudication of

the court allowing an amendment conclusive evidence of the identity of the cause of action, leaves the defendant with no right of exception in a case like the present. *Mann* v. *Brewer,* 7 Allen, 202. *Hutchinson* v. *Tucker,* 124 Mass. 240. The question passed upon by the Superior Court was merely a question of fact, to the decision of which no exception lies.

*Exceptions overruled.*