JOHN HAY v. SELDEN BACON.[1]

June 13, 1900.

Nos. 12,054—(113).

## Assignment for Benefit of Creditors—Compensation of Assignee.

Upon the reversal in this court of the judgment in favor of the respondent as assignee of one Page (Hay v. Tuttle, 67 Minn. 56), nothing remained to be done but to distribute the funds in the assignee's hands, insufficient in amount to cover the expenses of the trust, and thereupon an order of distribution was made. *Held*, that the court ruled correctly when it subordinated the judgment entered on the reversal above mentioned to the assignee's claim for an amount which the court had specifically determined was the reasonable value of his services and the services of his attorney in the matter of this assignment.

In the matter of the assignment of Frank H. Page, insolvent, pending in the district court for Hennepin county, on the final report of John Hay, the assignee, the court, Brooks, J., made an order directing the assignee to pay a certain judgment out of the funds in his hands, after payment of his fees and disbursements and the fees of his attorney. The court, Elliott, Harrison, and Brooks, JJ., also made an order allowing the account of the assignee and fixing the sums to be allowed him for services of himself, and his attorney, and for disbursements. From both orders, Selden Bacon, assignee of the judgment referred to, appealed. Affirmed.

*David W. Knowlton,* for appellant.

*John Hay,* pro se.

COLLINS, J.

In September, 1893, Frank H. Page made an assignment, under the Laws of 1881 and 1889, to John Hay. Shortly afterwards Hay, as such assignee, brought an action for conversion against E. O. Tuttle; alleging that a certain transfer of stock to Tuttle was a preference, that before bringing the action he had demanded the stock of Tuttle, and that the latter had converted it to his own use.

[1] Reported in 83 N. W. 134.

Tuttle was a resident of Massachusetts. Jurisdiction was attempted to be obtained by attachment of property belonging to him and by publication of the summons. Upon the trial of the action the court below found the facts to be as alleged in the complaint, including the demand. Upon appeal the finding of a demand was held entirely unsupported by the evidence, but the judgment was not reversed on that ground. It was held that an action to set aside a transfer as a fraudulent preference could be maintained without making any prior demand for return of the property transferred, and, as the complaint stated facts sufficient to entitle plaintiff to the relief granted, and as, apparently, all of the facts were fully in evidence, the action of the court below would have been perfectly proper, had the defendant been a resident of the state, so that jurisdiction of his person could have been obtained in any form or kind of action. Hay v. Tuttle, 67 Minn. 56, 69 N. W. 696.

It could hardly be said, in view of this language and decision, that the action against Tuttle was prosecuted by the assignee without probable cause, or that he did not act in the best of faith. When the judgment in that action was reversed, nothing remained to be done but to order the distribution of the funds in the hands of the assignee, which were insufficient in amount to cover the expenses of the trust; and thereupon the court proceeded to make the order complained of, subordinating the Tuttle judgment to the assignee's claim for the expense of administration. This was done after the submission of the evidence, and a hearing by the court.

It is contended by the appellant, who holds the Tuttle judgment by virtue of an assignment, that he should have priority and be first paid, and also that in any event he should be allowed to share pro rata with other claims for expenses, all incurred in the course of the administration. There is no merit in either of these contentions. By the express terms of G. S. 1894, § 4234, the costs, charges, and expenses of making and executing a trust are made a primary charge upon the trust funds; and there is no reason why the statute should be departed from in this case, for it is quite apparent, and was found by the court below, that the assignee had acted in good faith in bringing the action which resulted in the "Tuttle" judgment. A claim is also made by the appellant that he should share

pro rata, because his judgment is properly one of the expenses of executing the trust. But the fact is that the expenses in that action, included in the judgment, were incurred in resisting the efforts of the assignee in his attempt properly to execute the trust, and to recover trust funds which had been wrongfully and fraudulently appropriated by Tuttle himself. The expenses represented by the judgment were made for Tuttle's benefit, not for the trust estate.

It is further argued by counsel that the statutory allowance for executing the trust would be about $34.16, and that all above that sum allowed in this case was extra. Counsel has overlooked the fact that the statutory provision for allowance relied upon by him (Laws 1889, c. 30, § 8) has been amended. See Laws 1895, c. 66, § 6, which provides that the court shall determine specifically and allow the reasonable value of the services performed by the assignee or receiver, and of his attorney.

Orders appealed from affirmed.