### LEONARD v. MERCHANTS' COAL CO.

(Circuit Court of Appeals, Second Circuit.  June 29, 1908.)

No. 132.

**1. ABATEMENT AND REVIVAL—JURISDICTION—WAIVER OF OBJECTION.**

Under the New York practice followed by the federal courts in that state in actions at law, a defendant does not waive his right to object to the jurisdiction by including in his answer every defense upon which he relies.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Abatement and Revival, §§ 19–21.]

**2. SAME—FEDERAL COURTS—DISTRICT OF SUIT.**

A foreign corporation sued in a federal court entered a general appearance and demurred to the complaint for want of jurisdiction; the complaint alleging no jurisdictional facts. An amended complaint was filed, alleging diversity of citizenship and that plaintiff was a resident of the district. Defendant answered, denying such allegation of residence, joining issue on the merits, and also pleading a counterclaim. *Held*, that it did not waive its objection to being sued in that district, and that, when on the hearing it appeared that plaintiff was not a resident of the district, it was entitled to a dismissal of the action.

In Error to the Circuit Court of the United States for the Southern District of New York.

Kneeland, La Fetra & Glaze and Stillman F. Kneeland, for plaintiff in error.

Joab H. Banton, for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge.  The cause of action set forth in the complaint was for commissions alleged to be due under a contract by which plaintiff was to act as sales agent for the defendant. The complaint was served with the summon. It contained no averments as to diversity of citizenship. Thereupon defendant served a general

appearance. Inasmuch as the complaint on its face did not state a cause of action within the jurisdiction of the court, the general appearance did not cure that defect or operate to give the court jurisdiction. Subsequently, defendant demurred to the complaint on the ground that the court had no jurisdiction of the cause of action. Obviously the demurrer was fatal, and in order to avoid its effect plaintiff amended his complaint so as to aver that he was a citizen of New York and defendant a citizen of West Virginia. He also averred that he was a resident of the Southern district of New York.

Defendant thereupon answered denying that plaintiff was a resident of the Southern district and alleging that he was a resident of the Eastern district. The answer also joined issue on the merits and set up a counterclaim for moneys alleged to have been laid out and expended for plaintiff at his instance and request. Upon the trial the testimony showed that the averments of the answer were correct as to plaintiff's residence. Thereupon the referee before whom the cause was tried stopped the taking of further proof on the merits and dismissed the complaint on the ground that the court had no jurisdiction of the person of the defendant, since the action was not brought in the district of the residence either of the plaintiff or of the defendant.

The objection was a sound one, and the only question here is whether defendant had waived its right to make it. Manifestly, it did not do so by filing general appearance, since at that time there had been no averment by plaintiff either as to his residence or citizenship. As soon as such averment was made, defendant promptly took issue with it. It in no way misled the plaintiff, who was advised by the answer that, unless he could show residence in the Southern district, his right to maintain action therein was challenged. Under the state practice as regulated by the Code of Civil Procedure, a defendant does not waive his right to object to the jurisdiction, by including in his answer every defense upon which he relies to defeat the action. Sweet v. Tuttle, 14 N. Y. 465; Gardner v. Clark, 21 N. Y. 399. There seems to be no good reason for departing from this practice when defendant includes a counterclaim. To do so would require defendant to make an election when not fully advised as to his rights. In this very case, plaintiff had verified a complaint which asserted residence in the Southern district, and defendant could not tell until the trial whether or not it could disprove this assertion and so avoid having to defeat recovery by other proof.

The judgment is affirmed.