MARY J. CURNOW *vs.* SIMON GOODMAN & others.

Suffolk.    December 6, 7, 1922. — March 2, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Bond,* To dissolve attachment.    *Surety.*    *Practice, Civil,* Amendment.

An adjudication, in the allowance of a motion to amend a declaration, that the cause of action embraced in the declaration as amended is the cause of action relied on by the plaintiff when the action was commenced, is not by G. L. c. 231, § 138, conclusive upon sureties upon a bond previously given by the defendant to dissolve an attachment if they had no notice of the application for leave to amend nor opportunity to be heard thereon; and if, in an action by the plaintiff against such sureties after a failure to satisfy a judgment founded upon the amended declaration, the plaintiff testifies that he did not know of the facts which were set forth as the basis of one count added to the declaration by the amendment until three or four months after the beginning of the action, and

such testimony is not disputed, it is proper for the trial judge to order the jury to answer in the negative a question, whether the cause of action set forth in such count was included in the same facts for which the action was intended to be brought when it was commenced.

It appearing at the trial of the action against the sureties above described that the causes of action set out in three of the counts in the amended declaration in the original action were included in the cause of action for which the action was intended to be brought when it was commenced, but that that set out in a count added by the amendment was not so included, and that the verdict for the plaintiff was general, the trial judge ordered a finding against the sureties for the penal amount of the bond and ordered execution to issue for the amount of the finding in the original action less the entire amount which could have been recovered under the count adding new matter. *Held*, that such action by the trial judge was improper and that a verdict for the defendant sureties should have been ordered.

CONTRACT against three sureties upon a bond to dissolve an attachment in an action of this plaintiff against one Sam Silver. Writ dated August 5, 1919.

In the Superior Court, the action was tried before *Lummus*, J. Material evidence is described in the opinion. The jury in answer to special questions found in substance that the first, second and fourth counts of the declaration in the action of Curnow *v.* Silver as amended without notice to the defendants in this action, sureties on Silver's bond to dissolve the attachment, were included in the cause of action for which that action was intended to be brought when it was commenced. By order of the judge, and subject to an exception by the plaintiff, they also found that the cause of action set out in the third count of that declaration was not included in that for which the action was intended to be brought when it was commenced. The judge then ordered a verdict for the plaintiff in the penal sum of the bond, $2,000, with interest and ruled as follows:

"The burden of proof being on the plaintiff Curnow in her suit against these sureties to show what part of the verdict and judgment in the former case was based upon a cause of action included in the cause of action for which said action of Curnow against Silver was intended to be brought, I rule that the plaintiff in this action can recover only the balance after giving count three of the substituted declaration in Curnow *v.* Silver its full weight; in other words, the balance upon the assumption that count three entered into the verdict and judgment to its full extent.

"Count three was for $400, with interest from September 10, 1914, and interest from that date to the date of the verdict upon said $400 would be $112.66, which added to the $400 makes $512.66, which must be assumed against the plaintiff in this action to have been included in the verdict in Curnow *v.* Silver. Subtracting that amount from the balance between the verdicts, $568.92, leaves a balance of $56.26 of the balance of verdicts which was not attributable to count three of the substituted declaration. The interest on that amount to June 23, 1919, the date of the judgment, was thirty-one cents, so that the sum of $56.57 included in the judgment is the only part of the damages which in law can be said not to be attributable to said count three. Adding that amount of $56.57 of damages not attributable to count three to $29.42, the costs, makes $85.99 of the judgment in Curnow *v.* Silver not attributable to said count three.

"I order that after judgment in the present action execution issue in favor of the present plaintiff against the present defendant in the sum of $85.99, plus interest thereon from July 23, 1919, which is thirty days after the entry of judgment in Curnow *v.* Silver, plus the costs of the present action."

Both parties alleged exceptions.

*J. J. O'Connor,* for the plaintiff.

*E. Greenhood,* for the defendants.

DE COURCY, J. This is an action against the sureties on a bond given to dissolve an attachment in the case of Mary J. Curnow *v.* Sam Silver, and dated October 6, 1914. The writ in the Silver case was in contract, and the original declaration was in one count for $2,000, "money had and received to the plaintiff's use." In May, 1919, a substitute declaration was filed. It was allowed by the court without the knowledge or consent of these sureties, or notice to them. It contained four counts, as follows: Count 1, for money received by Silver from a purchaser of Mrs. Curnow's farm ($1,500), with interest from August 6, 1914; Count 2, for money received by Silver on the sale of a horse and other personal property of Mrs. Curnow ($180) and for the fair market value of other personal property of hers on the farm, purchased by him ($615.96) with interest from the date of the writ; Count 3, for hay and apples "gathered, harvested and carried away from said farm" by Silver in 1914, before the farm was sold ($400) with

interest from the date of the writ; Count 4, for use of horses and board of driver ($48) with interest thereon from March 19, 1914. That case was submitted to the jury on all the counts of the substitute declaration. There was a general verdict for the plaintiff for $2,567.80 (the aggregate claims being about $3,512) and for the defendant on his declaration in set-off for $1,998.88, and judgment was entered in favor of the plaintiff for the difference, with interest, to wit, $572.04 and costs.

At the trial of the present action the judge submitted to the jury the question "4. Was the cause of action set forth in count 3 of said substitute declaration in said action, [Curnow *v.* Silver] included in the cause of action for which said action was intended to be brought when it was commenced?" The jury answered the question "no" by direction of the court. The only question before us on the plaintiff's exceptions is, whether there was error in ordering this finding. The defendants, contending that they were discharged as sureties by the allowance of the substitute declaration in the Silver case, asked the court to rule that they were entitled to a verdict. This was refused and a verdict was ordered for the plaintiff for the penal sum of the bond, with interest. The exceptions of the defendants are to this order and refusal to rule.

As to the plaintiff's exceptions: The allowance of the substitute declaration in the action of Curnow *v.* Silver was an adjudication under R. L. c. 173, § 121 (now G. L. c. 231, § 138), as between the parties in that case, that the cause of action embraced in count 3 was one relied on by the plaintiff when the action was commenced. *Batchelder* v. *Pierce*, 170 Mass. 260. But by the express terms of the statute these defendants were not concluded by such allowance, as they had no notice of the plaintiff's application for leave to amend, and no opportunity to be heard thereon. The fact is, according to the plaintiff's testimony in the present case, that she did not know Silver had taken said hay and apples until two or three months after the beginning of the action. This evidence was undisputed and controlling. Further, said third count apparently was one in tort for conversion, while the writ in the action was in contract. Accordingly there was no error in ordering the said finding as to count 3, and the plaintiff's exceptions must be overruled.

As to the exceptions of the defendants: The original writ was

in contract, with a single count for $2,000, "money had and received." The amendment contained four distinct claims aggregating more than $3,000. The third count was for a claim amounting to $512.66 at the time of the trial; and it is settled by the negative answer to question 4 that this count was for a cause for which the action was not brought. It must also be assumed on the record before us that said claim was included in the verdict in Curnow *v.* Silver, as it was argued and submitted to the jury and a general verdict returned. The question arises whether the effect was wholly to discharge the sureties or only to discharge them *pro tanto.* The trial judge took the latter view. From the balance between the verdicts in Curnow *v.* Silver ($568.92), he subtracted the maximum amount which the jury could have found for the plaintiff on said count 3, and ordered execution to issue in the present action for the difference ($56.26) with interest and costs. It may be that this would now result in substantial justice between the parties. But the difficulty is that by the well settled law an amendment which materially changes the nature of the cause of action, if made without notice to the sureties, discharges them, as it imposes upon them a liability other and greater than that which they assumed by signing the bond. *Prince* v. *Clark,* 127 Mass. 599. *Willis* v. *Crooker,* 1 Pick. 204. *Freeman* v. *Creech,* 112 Mass. 180. And see *Mathews Slate Co.* v. *Sweeney,* 219 Mass. 285. Such cases as *Cutter* v. *Richardson,* 125 Mass. 72, and *Warren* v. *Lord,* 131 Mass. 560, where the amendment did not in fact increase the risk of the sureties, have no application to the facts here disclosed. We are of opinion that the defendants were entitled to the ruling requested by them, and their exceptions must be sustained.

*Plaintiff's exceptions overruled.*
*Defendants' exceptions sustained.*