MAYA CORPORATION v. SMITH et al.

District Court, D. Delaware. April 20, 1929.

No. 667.

William H. Foulk, of Wilmington, Del., John Walsh, of Washington, D. C., and Forney Johnston, of Birmingham, Ala., for plaintiff.

James I. Boyce, of Wilmington, Del., for defendant Smith.

E. Ennalls Berl (of Ward & Gray), of Wilmington, Del., for defendant Steiner.

MORRIS, District Judge. Maya Corporation, organized under the laws of the state of Delaware, filed its bill of complaint against William L. Smith, Jesse F. Stallings, and Leo K. Steiner, citizens and residents of the state of Alabama, for the alleged purpose of enforcing a lien upon, or claim to, certain personal property, shares of the capital stock of the plaintiff corporation, held by the defendants. Pursuant to section 57 of the Judicial Code (28 USCA § 118) an order was made and served upon the defendants outside this district, directing them to appear, plead, answer, or demur by a day therein fixed.

Smith and Stallings appeared specially and moved, the latter to quash the service, and the former to dismiss the bill of complaint. Without appearing specially, Steiner likewise moved to dismiss the bill. The motions, which were all denied, rested fundamentally upon the contention that the suit was not one within contemplation of section 57 of the Judicial Code, and hence not one wherein service could be had outside this district. After the denial of the motions, Stallings failed to plead further and a decree pro confesso was entered against him. Steiner, however, filed an answer, and Smith an answer and counterclaim. After the trial had begun, plaintiff moved for leave to amend its bill of complaint, which was granted over the objections of Smith and Steiner. Thereupon these defendants moved for leave to withdraw their appearance.

The ground upon which defendants base their present motion is that, by reason of the amendment, this suit, regardless of its original character, is now clearly not one to enforce a lien upon or claim to property within the meaning of section 57, in that, under the amendment, it seeks the rescission of the contract under which shares of capital stock of the plaintiff corporation were issued by the plaintiff to the defendants, and a money decree for the further consideration paid by the plaintiff in cash for the property acquired, or supposed to be acquired, by the plaintiff, under the contract. They assert that the suit has become one cognizable only under sections 24 and 51 of the Judicial Code (28 USCA §§ 41, 112), in which they could not have been compelled to appear in this district, and that section 57 may not thus be used to decoy defendants into litigation of a general character outside the district whereof they are inhabitants.

The defendants are correct in their contention that the suit is not now one to enforce a lien upon or claim to property within the narrow confines of section 57. Under the amended bill of complaint, filed in lieu of the original bill, the relief sought is that the contract, under which plaintiff was to and did issue and pay to the defendants, or some of them, shares of plaintiff's capital stock and

352

money for certain property to be transferred to it, be set aside, and, as far as possible, the status quo restored. The asserted basis for the relief sought is that, by reason of fraud or mutual mistake of material fact, the property received by plaintiff, or that which defendants are able to transfer to it, is substantially, even grossly, less than was contemplated by the contract. Under the theory of the bill as amended, plaintiff can, however, have no title to the shares of stock issued by it to the defendants, or some of them, or a lien upon or claim to them, unless and until the contract is first set aside. A bill which seeks judicial relief from a contract, and also relief under section 57, conditioned upon obtaining equitable relief with respect to the contract, does not present a case under section 57 of the Judicial Code. See Storm Waterproofing Corporation v. L. Sonneborn (D. C.) 28 F.(2d) 115.

The questions whether in a suit instituted under section 57 a new cause of action of a character not within the scope of that section may be substituted by amendment for the original after the appearance and over the objection of the defendants, and whether, if such amendment is allowed, defendants may withdraw their appearance, remain for decision. These questions are apparently new. No case recording the raising of either with respect to section 57 has been cited or found. As plaintiff is a corporation of the state of Delaware, the defendants residents of Alabama, and as the amount involved exceeds the jurisdictional sum, both jurisdiction and venue, with respect to the cause, here exist under sections 24 and 51 of the Judicial Code.

The questions here presented are, however, not concerned with jurisdiction of the cause or with venue, but, in a basic sense, they have to do with the extent to which jurisdiction over nonresident defendants may be acquired by service under section 57 and by their subsequent appearance to defend their rights to the property claimed or sought to be made subject to a lien by the plaintiff. As the question is not one of venue, Ex parte Wisner, 203 U. S. 449, 27 S. Ct. 150, 51 L. Ed. 264; In re Moore, 209 U. S. 490, 28 S. Ct. 585, 52 L. Ed. 904, 14 Ann. Cas. 1164, and like cases, do not directly contribute to its solution.

■ It is, of course, generally and fundamentally true that jurisdiction over a nonresident for purposes of obtaining a personal judgment or decree against him can be acquired only by service of process on him within the territorial jurisdiction of the court, or by his voluntary appearance. Mexican Central Railway v. Pinkney, 149 U. S. 194, 209, 13 S. Ct. 859, 37 L. Ed. 699; Wilson v. Seligman, 144 U. S. 41, 12 S. Ct. 541, 36 L. Ed. 338. But this principle does not prevail with respect to property within the jurisdiction of the court. Boswell v. Otis, 9 How. 336, 13 L. Ed. 164; Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Mexican Central Railway v. Pinkney, 149 U. S. 194, 209, 13 S. Ct. 859, 37 L. Ed. 699. Hence section 57 has been sustained upon the ground that it pertains to suits having to do with property in such territorial jurisdiction. Jellenik v. Huron Copper Mining Co., 177 U. S. 1, 20 S. Ct. 559, 44 L. Ed. 647; Arndt v. Griggs, 134 U. S. 316, 10 S. Ct. 557, 33 L. Ed. 918; Mellen v. Moline Malleable Iron Works, 131 U. S. 352, 9 S. Ct. 781, 33 L. Ed. 178. But, in view of the fact that provisions for substituted process are not favored, and are strictly construed against the right, Vidal v. South American Securities Co., 276 F. 855 (C. C. A. 2), and in view of the specific enumeration of the suits to which section 57 relates, and the absence of any general phrase extending its provisions to any other action, local or otherwise, its scope cannot be extended by any process of construction. Ladew v. Tennessee Copper Co., 218 U. S. 357, 31 S. Ct. 81, 54 L. Ed. 1069.

■ The appearance of a nonresident defendant served outside the district of the forum with an order made pursuant to section 57 is not a voluntary appearance. The penalty for failure to appear after service of the order might readily be the loss of his property to which the suit appertains.

■ Obviously, I take it, such appearance confers upon the court jurisdiction over the defendant for all the expressed purposes of section 57 and for whatever may fairly be regarded as incidental thereto. See Nations v. Johnson, 24 How. 195, 16 L. Ed. 628. If, however, such appearance has a wider effect, and confers upon the court, as I understand plaintiff to contend it does, an absolute and unqualified jurisdiction over the defendant for any and all purposes within the general jurisdiction of the court, service under section 57, made outside the territorial jurisdiction of a federal court, is, for all practical purposes, as far-reaching and effective as service made in the district in suits instituted under sections 24 and 51. Such a conclusion is difficult to reconcile with the authoritative decisions denying any power to extend section 57 by construction. Moreover, though a suit may not be instituted in the federal courts against a nonresident by the attach-

ment of his property in the district, Big Vein Coal Co. of West Va. v. Read, 229 U. S. 31, 33 S. Ct. 694, 57 L. Ed. 1053, yet section 57, resting, as it does, upon the power of the court over property within its territorial jurisdiction, is, in principle, closely analogous to the foreign attachment statutes of the several states. Under these statutes, the decisions have been quite uniform that, while amendments of the pleadings may be permitted correcting a defective statement of the cause of action, Nevada Co. v. Farnsworth (C. C.) 89 F. 164, correcting or making the amount claimed correspond with the affidavit, Neptune Ins. Co. v. Montell, 8 Gill (Md.) 228; Laighton v. Lord, 29 N. H. 237; Cutler v. Lang (C. C.) 30 F. 173, adding new counts for the same cause of action, Miller v. Clark, 8 Pick. (Mass.) 412, and the like, amendments setting up a new cause of action are not permissible, and, if allowed, operate to discharge the attachment. Freeman v. Creech, 112 Mass. 180; Fairfield v. Baldwin, 12 Pick. (Mass.) 388; Heidel v. Benedict, 61 Minn. 170, 63 N. W. 490, 31 L. R. A. 422, 52 Am. St. Rep. 592. I find no conflict between these decisions and Tilton v. Cofield, 93 U. S. 163, 23 L. Ed. 858.

Smith's counterclaim, which extends but little, if at all, beyond the cause of action alleged in the original bill of complaint, was filed under the actual or supposed mandate of equity rule 30, and, consequently, without regard to whether that rule applies to suits under section 57 of the Judicial Code, which has not been, and is not now, decided, was not a voluntary act, and does not preclude him from objecting to plaintiff's extension of the suit beyond the scope of that section. See Leonard v. Merchants' Coal Co., 162 F. 885 (C. C. A. 2).

I think the law is and should be that the enforced appearance of nonresidents for one purpose should not be used for a broader and different purpose, Hay v. Tuttle, 67 Minn. 56, 69 N. W. 696, and that a nonresident defendant must be permitted to withdraw his appearance, if, by an amendment allowed, plaintiff presents an entirely new or radically different cause of action. Indigo Co. v. Ogilvy, [1891] 2 Ch. 31. I am likewise of the opinion that leave to file the amended bill was improperly granted by me.

The motions of Smith and Steiner to withdraw their appearances will be granted, unless, within 30 days from the date hereof, the plaintiff shall so amend its pleadings as to make its suit conform to the provisions of section 57.