Nash, j.
 

 On the part of (he defendant it is urged, that, by the non-suit in the original suit, at the Fall Term 1845, the case was out of Court; and, by setting aside the non-suit, as to the defendant McElrath, and prosecuting the suit against him alone, the bail was discharged. The objection proceeds upon the ground, that an)' alteration of a writ, whereby the nature of the action is changed, after bail has been given, will discharge the bail. This is true, and for the reason that, after the alteration, the action ceases to be the one, to which the bail agreed to answer, but the change must be one, which alters the
 
 nature
 
 oí the action.
 
 Bryan
 
 v.
 
 Bradley,
 
 Tay. Rep. 77. Here the action continued the same, and the obligation of the defendant, as special bail for each defendant, continued the same. It is a mistake to suppose, that the non-suit so put the cause out of Court, as finally to discharge any of the parties.' Upon setting it aside, the case is reinstated, and continues the same. The order made, in setting aside the non-suit, is in effect the same, as if it had been unconditional, and the plaintiff had then entered a
 
 nol. pros,
 
 as to the defendant Erwin. This he certainly could have done without discharging the bail of Mc-Elrath.
 

 In this State all contracts are joint and several, andan action can be maintained against the whole or any number of the joint contractors And, in an action of assumpsit, against two persons, the jury may render a verdict against one, and in favor of the
 
 other
 
 — Jones v. Ross, 2 Car.
 
 L.
 
 Rep. 450 — just as in an action of tort. When,
 
 *57
 
 therefore, the non-suit was set aside, as to Erwin alone, and the suit continued on the record against McElrath, it was in law the same action.
 

 It is further objected, that at the time the
 
 sci. fa.
 
 issued, no judgment had been rendered by the Court, on the verdict against McElrath. The case agreed shews, that the record of the Spring Term 1846 was, at the Spring Term 1849, of the same Court, amended by an order of Court, directing a formal judgment to be entered on the verdict against McElrath. It has been
 
 repeatedly
 
 decided, that any Court possesses the power to amend its own records, so as to make them conform to the truth ; and that we have no right to interfere with its exercise. When so amended, it is the duty of the clerk, in whose custody it is, in giving a transcript of it, to certify it as it is amended, as if it were originally full and complete, without noticing the order to amend. That order appears upon the records of the Court, at the Term, when made, if a different one, and is his authority for so altering the original.
 

 We have nothing to do with the amending order, and can not look behind the record, as certified to us.
 

 We see no error in the judgment below, and it must be affirmed.
 

 Pas Curiam.
 

 Judgment affirmed.