HARRIE V. DUNSMOOR *vs.* BANKERS SURETY COMPANY & another.

Suffolk.    March 10, 1910. — May 18, 1910.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Bond,* To release from arrest in *ne exeat* proceedings. *Ne exeat. Surety. Equity Pleading and Practice, Ne exeat* proceedings, Equitable bail.

Writs of *ne exeat* are governed in this Commonwealth by the rules of the common law and of general equity jurisprudence, there being no statutory provisions in regard to them. But equitable bail under such writs is closely analogous to bail in actions at common law, so that, although our elaborate statutory provisions regarding bail in actions at common law are not applicable in terms to the equitable bail under writs of *ne exeat*, there is no reason why the two kinds of bail should not be governed in general by the same rules, per KNOWLTON, C. J.

A defendant in a suit in equity, having been arrested on a writ of *ne exeat*, was permitted by order of the court to be absent from the Commonwealth to a certain date upon his giving a bond with a surety approved by the court, which contained the provision that it should be void if the defendant " shall appear in person before said court at all times after the expiration of his said period of leave of absence when commanded by said court and shall pay to the plaintiff . . . all sums of money that may be established in said bill to be due him from [the defendant] within thirty days of the entry of the decree therefor, and shall obey all orders and decrees of said court and shall abide the final decree or judgment. . . ." Without notice to or knowledge by the surety and against objections by the plaintiff, two successive orders of court were made, extending

the time during which the defendant might remain absent from the Commonwealth. Thereafter the defendant defaulted, and the surety objected to satisfying the bond, contending that its liability ceased upon the extensions of the leave of absence without its knowledge or assent. *Held*, without deciding whether the surety could have surrendered the defendant at any time and thereby have been discharged from liability, that the orders of the court as to the extensions of time during which the defendant might remain absent did not affect the rights of the surety, because they merely stated what were the " times after the expiration of his said period of leave of absence" when the defendant was "commanded by said court" to " appear in person," and that the failure to appear at the termination of the last extension of time therefore was a breach of the bond.

BILL IN EQUITY, filed in the Superior Court on December 21, 1908, against the Bankers Surety Company and Addison R. Pike, to reach and apply assets of the defendant company in the hands of the defendant Pike to satisfy a bond given in *ne exeat* proceedings in a suit in equity by the plaintiff against one George L. Richards.

The case was heard by *Dana*, J.

The bond which is the basis of the proceedings was as follows, the attesting clause, signatures and seals being omitted : " Know all men by these presents that we, George L. Richards . . . as principal and the Bankers Surety Company . . . as surety, are holden and firmly bound unto Harrie V. Dunsmoor . . . in the sum of $4,000, to the payment of which to the said Harrie V. Dunsmoor or his executors, administrators and assigns, we hereby jointly and severally bind ourselves, our heirs, executors and administrators, successors and assigns.

" The condition of this obligation is such that whereas the said George L. Richards was arrested by virtue of a writ of *ne exeat* (which writ issued on the fifteenth day of November, A. D. 1906, from the Superior Court within and for the County of Suffolk and said Commonwealth sitting in equity in a bill of complaint pending in the Superior Court, in equity in and for said County of Suffolk, wherein the said Dunsmoor is plaintiff and the said Richards, and Cora B. Ayling and the Federal Trust Company are defendants) and gave bail pursuant to said writ that he will not go or attempt to go into parts beyond this Commonwealth without leave of said court, and was released on bail and is now at large in the custody of his sureties, and whereas said court has granted the said Richards leave to go into parts beyond this Commonwealth with liberty to be absent

herefrom for a period not exceeding three months and fifteen days upon first giving bond running to said plaintiff and to be filed with the clerk with sufficient sureties in the sum of $4,000 to be approved as to form by some justice of the Superior Court or the clerk, or an assistant clerk for equity business thereof, and as to the sufficiency of the sureties by a justice of said court or said clerk or any said assistant clerk that he would obey the orders and decrees of said court made in the proceedings in said bill of complaint.

"Now therefore if the said Richards shall appear in person before said court at all times after the expiration of his said period of leave of absence when commanded by said court and shall pay to the plaintiff in said bill of complaint all sums of money that may be established in said bill to be due him from said Richards, within thirty days of the entry of the decree therefor, and shall obey all orders and decrees of said court and shall abide the final decree or judgment in said case and shall not be contempt or avoid, then this obligation shall be void, otherwise it shall remain in full force and effect."

Other facts are stated in the opinion.

A decree was entered in accordance with the prayer of the bill; and the defendant surety company appealed.

*C. S. Hill*, (*M. Malcolm* with him,) for the defendant surety company.

*H. Parker*, (*R. Walcott* with him,) for the plaintiff.

KNOWLTON, C. J.   This is a suit in equity against the surety upon a bond given by the defendant in a writ of *ne exeat*, with this defendant company as surety, to reach and apply the interest of the surety company in a certain promissory note and in shares of stock in certain corporations which cannot be come at to be attached, and which are in the hands of the other defendant.

The proper execution of the bond and the breach of it are not now in question.   The matter in dispute is whether the surety was discharged from liability by reason of certain orders of court extending the time which was granted by the court to Richards, the principal on the bond, during which he might be absent from the Commonwealth.   The condition of the bond recites the arrest of Richards under the writ of *ne exeat*, his giving bail

not to go beyond the limits of the Commonwealth, that he was released on bail and was then at large in the custody of his sureties, and that the court had later granted him leave to go out of the Commonwealth, with liberty to be absent therefrom for a period not exceeding three months and fifteen days, upon first giving bond with sureties to the plaintiff in the sum of $4,000 that he would obey the orders and decrees of the court, made in the bill of complaint referred to in the writ. The bond then provides that the obligation shall be void if " said Richards shall appear in person before said court at all times after the expiration of his said period of leave of absence when commanded by said court and shall pay to the plaintiff in said bill of complaint all sums of money that may be established in said bill to be due him from said Richards, within thirty days of the entry of the decree therefor, and shall obey all orders and decrees of said court," etc. The bond is dated November 28, 1906.

On March 6, 1907, on the motion of Richards, a decree was entered by the court, extending the time allowed for his return as fixed by the decree of November 28, 1906, to May 1, 1907. Upon a similar motion granted on July 9, 1907, the court further extended the time allowed for Richards' return to October 1, 1907. At the time of granting each of these extensions the plaintiff was present and objected to any extension of time by the court. Until just before the final decree against Richards, the surety had no notice of either of these extensions of time, and it did not consent thereto. Richards was present in court on July 9, 1907, but on that day or a few days later he departed from the Commonwealth and has not returned. He has not paid the amount found due from him to the plaintiff, or any part of it.

We have no statutory provisions in this Commonwealth in regard to writs of *ne exeat*, and they are governed by the rules of the common law and of general equity jurisprudence. The object of such a writ is to secure to the plaintiff the presence of the defendant at the termination of the suit, either by his detention or by his giving equitable bail. Our elaborate statutory provisions in regard to bail in actions at law are not applicable in terms to equitable bail under writs of *ne exeat*. R. L. c. 169. But bail of the latter kind is closely analogous to

bail in actions at law, and there is no reason why it should not be governed in general by the same rules.    It has been held that the sureties upon such a bail bond, like sureties upon a bail bond at common law, may surrender their principal and be discharged from liability.    See 2 Dan. Ch. Pl. & Pr. (5th ed.) 1713, n. 5 ; *Johnson* v. *Clendenin*, 5 Gill & J. (Md.) 463 ; *Commissioner in Equity* v. *Phillips*, 2 Hill, (S. C.) 631.    Whether the surety upon this bond could at any time have surrendered the principal, and thereby have been discharged from liability, as the defendant contends, we do not find it necessary to decide.

The general principle that where the obligee in a bond voluntarily changes the conditions upon which the bond is given so as to enlarge or extend the liability of the surety for his principal, to his possible detriment, the surety is thereby discharged, does not apply to this case ; for the plaintiff, to whom the bond was given, did all in his power to prevent the extension of time granted by the court.    He did nothing that could relieve the surety from liability.

If it were in the power of the court to do anything that could deprive the obligee of his right to enforce this bond against the surety, which we do not intimate, we think it plain that the orders of the court had no such effect.    Apart from the obligation of Richards to pay the plaintiff the amount that should be found due him, to which the decrees extending the time of his absence have no reference, the obligation to be performed was only to "appear in person before said court . . . when commanded by said court."    The contract plainly implied that the litigation might continue for a considerable time, and that the court might command him to appear only when the exigencies of the case or the rights of the plaintiff made his presence necessary or proper.    The surety could not complain that the court did not see fit to command his presence immediately after the expiration of the three months and fifteen days, or for ten months afterwards.    The probability that the court would not command his presence at once after the expiration of the time first stated was involved in the terms of the writing, and should have been considered by the surety.    The extensions of time did not affect the rights of the surety.    They were merely assurances to Richards by the court that his presence would not be

commanded until the expiration of the stated times. They related only to the commands referred to in the bond. They did not purport to give him a right to stay away from the Commonwealth as against any person who had a right to have him present.

If we assume, as the defendant contends, that the surety had a right to take him under the bond and surrender him to the sheriff or the jailer and be relieved from liability, the assurance of the court that he would not be commanded to appear there until the expiration of a stated time, was not and did not purport to be a decree that affected the rights of the surety growing out of the relations of the principal and surety under this peculiar contract. If the surety had a right to surrender the principal, it had it without reference to the time when the judge might choose to command the principal's presence in court. If, on the other hand, the surety did not have this right of surrender, its legal status in reference to the principal was not affected. It could do nothing but wait for the termination of the suit with entire uncertainty as to the times when the court might think it necessary or proper to command the presence of the principal. The fact that the court saw fit to inform the principal that he would not be commanded to appear for a certain time, did not change the legal relations of the surety to the plaintiff, or create conditions different from those which the contract impliedly permitted when the defendant signed it.     *Decree affirmed.*