MINNIE VAN HARKEN PENNY

*v.*

FRANK PENNY.

[Submitted August 10th, 1917.   Decided October 11th, 1917.]

.1. Bonds conditioned to obey writs of *ne exeat* are in the nature of equitable bail, and the obligations of sureties are substantially the same as bail at common law.

2. Where, on hearing, the petitioner failed to substantiate her case, and, by leave of the court, substituted another, on which she succeeded, the liability of a surety on the husband's *ne exeat* bond given under the petition as originally filed, ceased.

On order to show cause.

*Mr. Max L. Simon,* for the order.

*Messrs. Corbin & Hughes,* for the surety-respondent.

BACKES, V. C.

This matter is before the court on an order to show cause why a *ne exeat* bond should not be forfeited and the penalty paid into court, following the practice in *Schreiber* v. *Schreiber, 85 N. J. Eq. 303.* The surety claims exoneration because the petition for divorce was amended, substituting a cause of action different from the one pleaded when the bond was given.

The petition was filed October 13th, 1916, charging that the petitioner was compelled to leave her husband because of his extreme cruelty—the acts of cruelty are recited in detail—and praying that she be divorced *a mensa et thoro,* awarded alimony and the custody of their child.   Three days later a writ of *ne exeat* issued.   Upon being apprehended the defendant entered into bond with respondent as surety, with conditions as prescribed by Rule 192 (now 216).   Being unable to substantiate the charges at the hearing, the petitioner asked, and was

granted, leave to amend by setting up that the defendant, without justifiable cause, had abandoned her and refused or neglected to maintain and provide for her, and upon the amended pleadings and proof a decree was made awarding weekly alimony. Shortly afterwards, the defendant defaulted and later failed to respond to an order to show cause why he should not be adjudged in contempt. Then these proceedings followed against the surety. That an entirely new cause of action was set up by the amended pleading is manifest. Jurisdiction of the two causes of action set up respectively by the original and amended petitions is conferred by separate sections of our Divorce act, and the method of acquiring jurisdiction and the mode of procedure are essentially different. One is by petition and citation; the other by bill and subpoena. In the former an accompanying affidavit of non-collusion is a jurisdictional requisite not demanded in the latter. The nature and quality of proof is different and the cause for action under either section would not sustain a decree under the other. While in both alimony is awarded, in one it is incidental to the relief; in the other it is the principal relief.

Bonds conditioned to obey writs of *ne exeat* are in the nature of equitable bail and the obligations of sureties are substantially the same as bail at common law. *Palmer* v. *Palmer, 84 N. J. Eq. 550; Schreiber* v. *Schreiber, supra; 2 Brandt S. & G. § 592; Johnson* v. *Clendenin, 5 G. & J. (Md.) 463.* That a material amendment to a cause of action, upon which, as amended, the plaintiff relies for judgment, without the consent of the sureties, discharges the sureties, is uniformly laid down in the text-books and the reports of decisions. I will quote from a few only.

In *6 Corp. Jur. 924 § 91,* it is tersely put thus: "Any alterations or amendments in the writ or pleadings whereby a different or new cause of action is created and the bail is thereby subjected to a different or additional responsibility or is otherwise placed in a situation which materially changes the legal nature of their obligation operate to discharge the bail, unless the judgment is rendered on the original demand only." To the same effect is *Ping. S. & G. (2d ed.) 424, 426, §§ 412, 413; 1 Tidd's Prac. 293, 440.* In *Wood* v. *Denny, 7 Gray*

11

(*Mass.*) *540*, the declaration on the common money counts was amended by adding a count on a guaranty of a debt due by a third person to plaintiff. In discharging the bail, the supreme court held that "In the first of these actions the new count on a guaranty of a debt due from a third person to the plaintiffs was not for the same cause of action as the money counts and could not have been given in evidence on those counts. Whether as between the parties to the action the filing of that count was properly allowed is not now in question. As to the bail, we are of the opinion that it discharged him from his undertaking. He became bail in an action for money had and received; money lent and money paid as set forth in the writ and declaration against the principal, and not in an action on a guaranty by the principal, of the plaintiff's claim on another. The rule by which the court is to decide whether an amendment discharges bail, or dissolves an attachment so as to let in subsequently attaching creditors, is correctly stated by Mr. Justice Wilde as follows: 'Amendments in form merely will not dissolve an attachment, or discharge bail. To have this effect, the amendment must be such as to let in some new demand or new cause of action.' *Haven* v. *Snow, 14 Pick. 33; Wight* v. *Hale, 2 Cush. 493.* See, also, *Haynes* v. *Morgan, 3 Mass. 210.* In the case before us the amendment did let in a new cause of action which was not known even by the attorney until after the writ, declaration and arrest were made. In England, bail are not liable for any cause of action different from that which is stated in the process or in the affidavit to hold to bail. *1 Tidd's Prac. (1st Am. ed.) 242; Wilks* v. *Adcock, 8 T. R. 27; Wheelwright* v. *Jutting, 7 Taunt. 304; Thompson* v. *Macirone, 4 D. & R. 619."* Other cases in Massachusetts are *Prince* v. *Clark, 127 Mass. 599; Dunsmoor* v. *Bankers' Surety Co., 206 Mass. 23.* Cases in other states are *Pell* v. *Grigg, 4 Cow. (N. Y.) 426; Bryan* v. *Bradley, 1 Tayl. (N. C.) ·77; Bradhurst* v. *Pearson, 32 N. C. 55; Hamlin* v. *McNiel, 32 N. C. 306; Cassidy* v. *Saline County Bank, 104 S. W. Rep. 829; Fish* v. *Barbour, 43 Mich. 19.* In *Hyer* v. *Smith, 3 Cranch C. C. 437,* Chief-Justice Cranch said that "The court is clearly of opinion that if the plaintiff amends his declaration by adding a count

upon a cause of action which could not be given in evidence upon the original declaration as sent out with the writ, or which is not contained in the affidavit to hold to bail, the bail must be discharged." And in *Carrington* v. *Ford, 4 Cranch C. C. 231,* he observed "That the reason for discharging bail upon amending the declaration is that it would be unjust to charge the bail upon a cause of action different from that upon which the bail was originally given; or where the amendment is of a defect existing at the time of entering bail and which would have defeated the plaintiff's action but for such amendment."

The question was put at rest early in this state in the case of *Robeson* v. *Thompson, 9 N. J. Law 97,* where the affidavit to hold to bail disclosed that the suit was on a book account, but the cause of action as set out in the declaration was on a special agreement to pay the debt in question. In declaring the variances fatal and the surety exonerated, the supreme court said: "Courts of justice suffer slight variances to be taken advantage of in this way. *2 Taunt. 107; 6 T. R. 363; 7 T. R. 80; 13 East 273.* And it is right they should do so. Whoever attacks the liberty of the citizen should know the grounds on which he does it. Our statute requires an affidavit of the cause of action in order to hold to bail. And it should be stated truly. And bail may safely come forward and protect the debtor from imprisonment, even where he is liable, if that liability rests upon different grounds from those stated in the affidavit."

Now in the case in hand the surety's undertaking was that if the petitioner sustained her charges of extreme cruelty, as laid in the original petition, and thereon a divorce was granted with permanent alimony as an incident, he would respond if the defendant failed to submit himself to proceedings to enforce the decree, and there his engagement ended; and when the petitioner failed to make out her case at the trial and substituted another cause upon which she recovered, his liability ceased. It may be surmised that when he performed this gracious act he was assured that the defendant was not guilty of the brutality of which he stood charged or that the charges could not be sustained and that there could be no decree, and to that extent was willing to take the risk of his enlargement; and it is

equally permissible to suppose that he knew the defendant had abandoned his wife and that if this were the complaint he would not have undertaken the hazard. But his motives are immaterial, for his accountability is fixed by the letter of his bond. As Justice Story said in *Miller* v. *Stewart, 9 Wheat. 680*, "Nothing can be clearer, both upon principle and authority, than the doctrine that the liability of a surety is not to be extended by implication beyond the terms of his contract. To the extent and in the manner, and under the circumstances pointed out in his obligation he is bound, and no farther. It is not sufficient that he may sustain no injury by a change in the contract or that it may even be for his benefit. He has the right to stand upon the very terms of his contract; and if he does not assent to any variation of it, and a variation is made, it is fatal. And courts of equity, as well as of law, have been in the constant habit of scanning the contracts of sureties with considerable strictness." \* \* \* "Nothing can be better settled than the doctrine that, if an obligation be dependent on another obligation (and, by parity of reasoning, upon the legal existence of another instrument), and the latter be discharged, or become void, the former is also discharged."

A further contention is that even if the surety cannot be held to the defendant's performance of the final decree, the bond ought to be forfeited because of a default in the payment of taxed costs on an order for alimony *pendente lite* entered before the amendment was made. The answer to this is that there was no default until after the bondsman was released. The order to show cause why defendant should not be held in contempt was not issued until after the pleadings were changed.

The rule will be dismissed, with costs, and as the respondent's liability is at an end, the bond will be ordered canceled and surrendered.