SAMUEL PAPARO, APPELLANT, v. BENJAMIN FARBER, RESPONDENT.

Argued May 23, 1930—Decided February 2, 1931.

For the respondent, *Benjamin M. Weinberg.*

The opinion of the court was delivered by

BODINE, J. The present action· was brought against the surety on a recognizance in a suit commenced by *capias.* The complainant alleges the recovery of a judgment and the return of executions unsatisfied.

The facts being stipulated, Judge Mountain gave judgment for the defendant, basing his action upon two grounds: (1) That the *capias ad satisfaciendum* did not lie in the sheriff's office four days before being returned *non est inventus;* and (2) that the orginal action in .which the recognizance was given was for slander and alienation of affection and was later enlarged so as to include a count of malpractice, which enlargement defeated recovery.

The *capias* was issued on affidavits tending to prove slander and alienation of affection. The complaint filed alleged in a third count malpractice. At the trial, the count for malpractice was eliminated, and a verdict was rendered upon the grounds set forth in the affidavits.

Judge Wilde in *Seeley* v. *Brown,* 14 *Pick.* 177, 180, said: "Now, if the amendment might embrace a new demand, yet

as judgment was rendered on the original demand only, the bail are not liable but to that extent, and cannot therefore be injured by the amendment. To hold the bail discharged under these circumstances would be going quite too far."

"Any alterations or amendments in the writ of pleadings whereby a different or new cause of action is created and the bail is thereby subjected to a different or additional responsibility or is otherwise placed in a situation which materially changes the legal nature of their obligation operate to discharge the bail, *unless the judgment is rendered on the original demand only.*" 6 *Corp. Jur.* 924, § 91. (The italics ours.)

*Robeson* v. *Thompson,* 9 *N. J. L.* 97, was a case where the verdict was on a different cause of action than that set forth in the affidavits for the *capias.* Hence, the surety was discharged.

The form of recognizance in the present case, so far as pertinent, was as follows: "A & B severally acknowledged themselves to owe * * * upon condition that if the defendant, A, shall be condemned in this action * * * he shall pay * * *, or if he fails so to do, that the said B will pay the costs and condemnation for him, or render him into the custody of the sheriff of said county." The vital words are "shall be condemned in this action." The condemnation was in the action set forth in the affidavits. The contract of suretyship was never enlarged or altered.

In *Penny* v. *Penny,* 102 *Atl. Rep.* 257, a *ne exeat* bond was given in a divorce proceeding. The petitioner failed to establish her case on the ground alleged, and amended by setting up another cause of action upon which she had her decree. Obviously, the surety was discharged, because the condemnation was for a new cause of action.

Mr. Chief Justice Knowlton, in *Dunsmoor* v. *Bankers Surety Co.,* 206 *Mass.* 23 (91 *N. E. Rep.* 907), makes the test whether different conditions are created than those existing at the time the contract came into existence. The release of the surety occurs when the contractual obligation is enlarged.

There was in the present case a mere enlargement in the

complaint which was withdrawn before judgment. The judgment imposed no new obligation upon the surety beyond the contract he had undertaken. His obligation remained as he had obligated himself. To this extent only are we not in accord with the view expressed by the learned trial judge.

The failure of the present action was quite properly placed upon the ground that the *capias* did not lie in the sheriff's office for four days before its return.

The Supreme Court said, in *Armstrong* v. *Davis,* 1 *N. J. L.* 110: "We know of no other rules of proceeding, respecting the liability of bail, than those which regulate it in the courts of Westminster. Without these, we are without any. I look upon the practice in this case to depend upon rules of court, and these rules on reason and justice."

In *Boggs* v. *Chichester,* 13 *N. J. L.* 209, 211, the court said: "As to the validity of the objection, there can be no doubt, that the *capias ad satisfaciendum* should have been four days in the hands of the officer, before the return thereof. This is the settled practice in England, and has been recognized as the practice of this court, and is founded on reason and justice" and available to the bail. See, also, *Hunt* v. *Allen,* 22 *Id.* 533.

The practice does not appear to have been changed either by rule or statute since, although the bail may render the defendant on notice within twenty days after the return day of the *scire facias* against the bail or of process in an action on the recognizance of bail. Section 77, Practice act of 1903, *Pamph. L., p.* 558.

The judgment below is therefore affirmed.

*For affirmance*—TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, VAN BUSKIRK, KAYS, DEAR, JJ. 10.

*For reversal*—None.