HENRY B. STRATTON *vs.* THOMAS F. HERNON & another.

Suffolk.   March 24, 25, 1891. — September 2, 1891.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Fraudulent Conveyance — Equity — Demurrer — Jury Trial — Waiver.*

The Pub. Sts. c. 151, § 3, give a concurrent remedy in equity to reach and apply, in payment of a debt, property conveyed in fraud of creditors.

If a general demurrer and an answer to a bill in equity are filed on the same day, an agreement of counsel that the "action may be marked for hearing" on a day subsequent waives any right the defendant may have had to a jury, although at the date of the agreement the demurrer is undisposed of, and a replication is not filed until the day of the hearing.

A bill in equity against a husband and wife, alleging a debt to be due to the plaintiff from the husband and a conveyance by him of his property to the wife in fraud of creditors, the wife sharing in the fraud, contained an alternative count at law against the wife for the same debt. The answer, filed with a general demurrer, alleged that the contract out of which the debt arose was made with her through the husband's agency, and a decree was entered against the wife alone, and execution ordered to issue thereon. *Held*, that the decree might be sustained upon the pleadings, under the St. of 1887, c. 383, §§ 1, 3.

BILL IN EQUITY, against Thomas F. Hernon and Ellen F. Hernon, filed in the Superior Court on August 4, 1890, to have certain real estate applied in payment of the plaintiff's claim. The case was heard by *Dewey*, J., who reported it for the determination of this court, and was as follows.

The bill alleged that Thomas F. Hernon represented to the plaintiff that he had bargained for a parcel of land in Boston, which was described, and was to have a deed of the same and to build a house thereon; that he entered into a contract with the plaintiff to perform the labor and furnish materials in constructing the same, and the plaintiff had done so to the extent of $722.50, which amount was still due to the plaintiff; that after the plaintiff had begun the work, on March 28, 1890, Thomas F. caused this parcel to be conveyed, and himself conveyed other land owned by him, through a third person, to Ellen F., in fraud of his creditors; that both defendants "participated in said fraudulent intent in both of said conveyances"; and that Thomas F. had "no attachable property standing in his own name, and that all of said conveyances

were made for the purpose of delaying, defeating, and defrauding the creditors of said Thomas F. Hernon, and of securing said property to his use and benefit." The bill then proceeded: "Seventh. That the labor and materials so done, performed, and furnished by the plaintiff upon the said house upon the employment of the said Thomas F. Hernon have gone into the estate so caused to be conveyed to the said Ellen F. Hernon, as stated in the third item in this bill of complaint, and that the same was done, performed, and furnished with the knowledge and consent of the said Ellen F. Hernon, and that she is liable therefor." The prayer of the bill was that the sum due the plaintiff "from the said defendants, each or either of them," might be ascertained and decreed to be paid to the plaintiff, and that such real estate, or so much as might be necessary, should be applied to such payment.

The defendants, on August 28, 1890, demurred to the bill for want of equity, and "because the plaintiff had a full, adequate, and complete remedy at law." The defendants on the same day filed an answer which denied that the conveyances in question were made to Ellen F. in fraud of creditors, and alleged that Thomas F. in making the contract with the plaintiff acted as the agent of Ellen F.; and that the plaintiff had failed to perform his contract. Subsequently the counsel for the parties signed an agreement that the case might be "marked for hearing for Thursday, November 13, 1890." The replication was filed on December 2, 1892; and the case came on to be heard on the same day, and the parties with their witnesses were then before the court. The defendants then asked leave to file an amendment to their answer, reciting that they desired a trial by jury of the facts involved in the case. The judge, upon the plaintiff's objecting, declined to allow the amendment and the framing of issues for a jury, and directed the trial to proceed. After finding that the conveyances were not made by Thomas F. with the fraudulent purpose alleged in the bill, and that in making the contract with the plaintiff he was acting for and in behalf of his wife, with full authority as her agent to bind her in the premises, of all of which the plaintiff was ignorant, the judge made a decree that the plaintiff "recover of the defendant Ellen F. Hernon for the work and labor performed and materials furnished . . .

the sum of five hundred and fifteen dollars," with the costs of suit, "and that execution issue therefor in due form, and that the bill be dismissed without costs as to the defendant Thomas F. Hernon."

*J. P. Leahy,* for the defendants.

*R. Lund,* (*W. E. Jewell* with him,) for the plaintiff.

HOLMES, J. 1. The plaintiff's bill alleged a contract for work and materials with the defendant Thomas, and a conveyance of his property by him to his wife in fraud of creditors, the wife sharing in the fraud. It sought to have the property applied in payment of the debt due the plaintiff. To this there was a general demurrer for want of equity, and on the ground that the plaintiff had an adequate remedy at law by attachment. Pub. Sts. c. 172, §§ 1, 49; c. 161, § 66. The demurrer was properly overruled. A concurrent remedy in equity is given expressly by the Pub. Sts. c. 151, § 3. *Bernard* v. *Barney Myroleum Co.* 147 Mass. 356, 359. The proviso in § 2, "when the parties have not a plain, adequate, and complete remedy at the common law," does not apply to § 3, and was done away with to a great extent where it did apply by what is now § 4. It is unnecessary to invoke the later statutes. St. 1887, c. 383, §§ 1, 3. St. 1883, c. 223, § 17. No question of form is open.

2. The bill was filed on August 4, 1890. The demurrer was filed on August 28, and an answer was filed the same day. Afterwards a written agreement was made between counsel that the "action may be marked for hearing for Thursday, November 13, 1890," and the cause was set down for hearing, and was heard on December 2d in pursuance of it. The replication was not filed until December 2d. When the case came on to be heard, and the parties were present with their witnesses, the defendants demanded a jury trial. The judge denied the defendants' right to a jury as the case stood, and in the exercise of his discretion declined to allow issues to be framed, and directed the trial to proceed. We are of opinion that the course of the judge, so far as it is open to revision, was correct. It is true that, when the agreement was made, the demurrer had not been disposed of, and a replication had not been filed. But the filing of the replication is a formal matter, which so habitually is put off until the hearing that its absence cannot be allowed to affect the

construction of the agreement. We assume, in favor of the defendants, that the answer did not overrule the demurrer, (*Fogg* v. *Price*, 145 Mass. 513, 514,) but still the agreement cannot be confined to a hearing on the demurrer. It is every-day practice to hear the questions of law raised by the demurrer, and the questions of fact raised by the answer, at the same time, and the agreement must be taken to have contemplated this. It is shown to have done so by the fact that both parties had their witnesses present. Therefore, the defendants had manifested their election to waive any right they might have to a jury. *Dole* v. *Wooldredge*, 142 Mass. 161, 179.

3. The only other question is whether the pleadings sustain the decree. The judge who tried the case reports that he did not find the alleged fraud to have been proved, but he did find that the defendant Thomas contracted with the plaintiff, on behalf of his wife, the defendant Ellen, as undisclosed principal, and that she owed the plaintiff five hundred and fifteen dollars, and made a decree for that amount. The bill is ill drawn, but beside the elements mentioned as sufficient to sustain it against a general demurrer, it alleges in the seventh paragraph that the defendant Ellen is liable for the labor and materials, and prays that the sum due the plaintiff may be decreed to be paid him by that one of the defendants who shall be found to owe the same. In other words, alongside of the case in equity against the husband there is inserted an alternative count at law against the wife. Nothing could be worse in point of form, but no point of form is open. Furthermore, the answer alleges that the contract was made with the defendant Ellen through the agency of her husband. If it were necessary, in order to sustain the so called decree after a fair trial on the merits, we should leave it open to apply to the Superior Court for leave to amend into an action at law. If the decree on a purely common law claim had purported to impose a personal order on the defendant, with liability to process for contempt in case of failure to obey, there might be a question whether it could be sustained. But the decree is, in truth, only a judgment at law, with an order for execution. This being so, in view of the St. of 1887, c. 383, §§ 1, 3, we are of opinion that the decree may be sustained on the pleadings as they stand. *Decree affirmed.*