S. R. KING vs. ENSIGN E. HOWES.

Barnstable.    March 14, 1902. — May 22, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

*Equity Pleading and Practice*, Amendment.

A plaintiff in equity after a master has filed his report may be allowed to amend his bill in any manner that will enable him to maintain it for the cause for which it was brought. Such an amendment properly may be allowed where the bill originally sought to restrain the foreclosure of a mortgage of personal property and to redeem from the mortgage, and by agreement of parties the property was sold while the case was pending.

KNOWLTON, J.  The bill of exceptions presents the single question whether there was an error of law in the allowance of the plaintiff's motion to amend his bill.  The bill was brought to prevent the foreclosure of a mortgage of personal property and to obtain a decree for the redemption of it, on the ground that the mortgagee had refused to perform his contract, which was an important part of the consideration for the note and mortgage and for the payment of a sum of money made when the note and mortgage were given.  We may assume upon the findings of the master that the plaintiff would have been entitled to the relief sought if the property had remained in the hands of the defendant until the final hearing of the case.  The record presents no question in regard to this.  The exceptions do not show the findings of the court, but we infer that the judge found, upon satisfactory evidence, an agreement of the parties after this bill was brought, that the temporary injunction should be dissolved and the defendant be permitted to dispose of the property without interference by the plaintiff, and that he should hold himself accountable for its value at the time he took it, subject to a determination by the court of the rights of the parties in regard to it.  Evidently it was in reference to some such arrangement that the bond with sureties was filed by the defendant.  The sale of the property by the defendant made it impossible to give the plaintiff relief in the form in which it was originally sought.  But if it was arranged that the rights

and liabilities of the parties in reference to the original controversy should be determined in this suit, and it was understood that the defendant should be accountable for the value of the property as he would have been for the property itself if it had not been sold, it was proper that the plaintiff should have a decree for the payment of a sum of money that would rightly adjust their respective claims. It might well be found that the final proceedings in the suit were for the same cause, in substance and in general effect, for which the suit was brought.

Although the R. L. c. 173, § 48, relating to amendments, do not apply in terms to suits in equity, it does apply to amendments whereby an action at law is changed into a suit in equity, and it is in accordance with the general principles applicable to amendments of bills in equity. Under this statute any amendment may be allowed which " may enable the plaintiff to sustain the action for the cause for which it was intended to be brought." Whether a proposed amendment is of this class is ordinarily a question of fact for the presiding judge. The recent practice both at law and in equity, has been liberal in the allowance of amendments. See *Sanger* v. *Newton,* 134 Mass. 308; *Gray* v. *Everett,* 163 Mass. 77 ; *Batchelder* v. *Pierce,* 170 Mass. 260 ; *Adams* v. *Weeks,* 174 Mass. 45. The amendment in this case did not state the matters relied on and the nature of the relief then asked for as definitely as might have been desired, but we cannot say on this bill of exceptions that there was an error of law in the finding by the judge that the amendment might enable the plaintiff to maintain his suit for the cause for which it was brought.

*Exceptions overruled.*

*D. M. Nickerson, Jr.,* for the defendant.
*H. P. Harriman & H. E. Perkins,* for the plaintiff.