### DANIEL J. DONOHUE *vs.* JOHN R. WHITE.

Worcester.   October 9, 1923. — January 25, 1924.

Present: RUGG, C.J., BRALEY, DeCOURCY, & PIERCE, JJ.

*Equity Jurisdiction*, To enjoin violation by employee of contract of employ-
ment, Injunction refused if proof at variance with allegations of bill. *Equity
Pleading and Practice*, Bill, Variance, Decree.

A bill in equity, originally seeking only an injunction restraining the defendant
from violating the provisions of a contract of employment of him by the
plaintiff, was amended to claim a certain sum alleged to be due the plaintiff
by reason of collections of money made by the defendant on the plaintiff's
behalf and retained by the defendant.   There was no demurrer to the bill
nor objection by the defendant to the part added by the amendment.   A
final decree was entered, after a hearing, granting the injunctive relief
sought and also ordering and decreeing that the plaintiff recover a certain
sum from the defendant as damages.   The defendant appealed from the
final decree but, in this court, stated as his only contention that he had
been aggrieved by that part of the decree which gave injunctive relief.
This court, after having determined on the record that the part of the final
decree granting injunctive relief should be reversed, *held*, that so much of
the decree as awarded the plaintiff damages in a certain sum with interest
and costs, when modified by the addition of the words, "and that execution
issue therefor," be affirmed, and that in all other respects the decree be
reversed and the suit stand for further proceedings in the trial court not
inconsistent with the decision of this court.
Upon an appeal from a final decree in a suit in equity granting to the plaintiff
an injunction restraining the defendant from soliciting the patronage of
customers of the plaintiff in the laundry business on a route, which had been
covered by the defendant when he formerly was in the plaintiff's employ,
and from further dealings, either by himself or for others, with customers,
whose patronage he had diverted from the plaintiff while in the plaintiff's
employ, and from divulging to others the names of the customers of the
plaintiff which came to his knowledge by reason of his employment by the
plaintiff, it appeared that the plaintiff in his bill alleged as the foundation
of his claim for relief a contract in writing between himself and the defend-
ant, and that a finding by a master, which was confirmed without objection
or exception by the plaintiff, was that no such contract ever was made.
The defendant did not except to the report.   The defendant neither excepted
nor objected to evidence received by the master as to an oral contract of
employment of the defendant by the plaintiff, nor to the master's findings
with regard thereto, and did not appeal from an interlocutory decree con-
firming the master's report.   *Held*, that the decree granting injunctive
relief must be reversed, because the contract in writing, upon which the
plaintiff in his bill based his claim for injunctive relief, did not exist.

BILL IN EQUITY, filed in the Superior Court on December
14, 1922, seeking to restrain the defendant from engaging
directly or indirectly in any branch of the laundry business
in the city of Worcester, either as principal, agent or servant
for the period of one year from December 9, 1922, and from
soliciting laundry business on the same route covered by
him while in the employ of the plaintiff.

After the defendant had answered, the plaintiff was allowed
to amend the bill by adding an allegation that the defendant
had retained for his own use considerable sums of money
belonging to the plaintiff, and by adding a prayer that the
defendant be directed to pay to the plaintiff all sums found
due to the plaintiff from the defendant. The defendant
did not demur to the bill as amended.

The suit was referred to a master. Material findings by
the master are described in the opinion. There was no
exception to the report. The suit was heard in the Superior
Court by *Callahan, J.*, by whose order there were entered an
interlocutory decree confirming the report and a final decree
enjoining the defendant " from further soliciting patronage
of customers of the plaintiff on the route at any time covered
by the defendant, while he was in the employ of the plaintiff;
and from further dealings either by himself or for others
with customers whose patronage he has already diverted
from the plaintiff, while in his employ; and from divulging
to others the names of customers cf the plaintiff, which came
to his knowledge by reason of his employment by the plain-
tiff; " and further ordering and decreeing " that the plaintiff
recover damages against the defendant, unless the plaintiff
shall elect to waive the same, in the sum of $48.25 with
interest from December 9, 1922, amounting to ninety-three
cents, together with his costs taxed at $18.96."

The defendant appealed from the final decree. In his
brief in this court, he stated as his only contentions that he
had " been aggrieved by that part of the final decree which
enjoins him from doing certain acts in connection with the
laundry business " because (1) the decree as entered did
not correspond with the allegations of the bill; (2) the final
decree did not correspond with the allegations and facts found;

and (3) the decree could not lawfully be entered on the facts found.

The case was submitted on briefs.

*N. Fusaro, E. F. Simpson & G. F. Foley,* for the defendant.

*J. P. Halnon,* for the plaintiff.

BRALEY, J.   The allegations of the bill are, that the plaintiff, who owned and operated a laundry in the city of Worcester, entered into a written contract of employment with the defendant, which among other stipulations provided, that during his employment and for one year thereafter the plaintiff would keep secret, and not divulge to any person, firm or corporation except by express order of his employer, the names, addresses, or any information concerning customers; and that he would not directly or indirectly, either as principal, servant or agent, after the termination of his employment, enter into any branch of the laundry business in Worcester without the plaintiff's approval, and consent in writing.   A copy of the alleged contract is annexed to the bill.   It is further alleged that the defendant's service began February 10, 1919, and terminated December 9, 1922, and that, shortly before leaving, and in violation of the agreement, he notified some of the plaintiff's customers of his intended departure and solicited their patronage, either as the agent or servant of a rival laundry, and thereafter without obtaining the plaintiff's consent induced them to transfer their trade to him.   The relief sought is, that the defendant be restrained from engaging directly or indirectly " in any branch of the laundry business in the city of Worcester either as principal, agent or servant for the period of one year from December 9, 1922," and that he " be restrained from soliciting laundry business on the same route covered by him while in the employment of the plaintiff."

But, the case having been referred to a master, he finds that the contract just described never existed.   It is found, however, that during the period beginning February 10, 1919, and ending December 9, 1922, the defendant was employed as a solicitor and collector to whom customers of the plaintiff on route four delivered their laundry work, and that, after

giving the plaintiff notice that he would terminate his employment, the defendant during the last week of service notified the customers of his intended departure and solicited their patronage. The report states, that seven customers were thus obtained for another laundry, and that the defendant is also indebted to the plaintiff for moneys collected and not accounted for amounting to $48.25. The amended bill asks for payment of this indebtedness. It is settled that the plaintiff may have a decree and execution for his debt quite apart from the main purpose of the suit. *Stratton v. Hernon,* 154 Mass. 310. See *American Stay Co.* v. *Delaney,* 211 Mass. 229, 233.

It is contended by the defendant, that, the written contract not having been established, he cannot on the record be enjoined. " It is an elementary rule of equity pleading, that the bill must contain a clear and exact statement of all the material facts upon which the plaintiff's right to the relief sought depends, and that he can only introduce evidence of such facts as are thus stated." *Drew* v. *Beard,* 107 Mass. 64, 73. " And, where there is a variance, recovery can be had only on the case stated in the bill and not upon the case made out by the evidence." *Malden & Melrose Gas Light Co.* v. *Chandler,* 209 Mass. 354, 358. *Pickard* v. *Clancy,* 225 Mass. 89, 95. But, even if the defendant made no objection before the master to the introduction of the evidence on which he found the parol contract, and did not take any exceptions to the report, or appeal from the interlocutory decree confirming it, his contention must be sustained. *Drew* v. *Beard, supra. Malden & Melrose Gas Light. Co.* v. *Chandler, supra. Arnold* v. *Maxwell,* 223 Mass. 47, 48.

It therefore is unnecessary to determine whether, on amendment of the bill, the plaintiff is entitled to injunctive relief on the facts found by the master. It follows, that so much of the decree as awards the plaintiff damages in the sum of $48.25 with interest from December 9, 1922, amounting to ninety-three cents, together with his costs taxed at $18.96, when modified by addition of the words, " and that execution issue therefor," is affirmed. *Stratton* v. *Hernon, supra.* But in all other respects it is reversed,

and the case is to stand for further proceedings in the trial court not inconsistent with this opinion.

*Ordered accordingly.*