JACOB WEINSTEIN & another *vs.* VICTOR MILLER.

Suffolk.    January 14, 15, 1925. — February 27, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Surety.    Equity Pleading and Practice*, Appeal, Amendment.

Upon an appeal by the defendant in a suit in equity in the Superior Court
from a final decree ordering a reconveyance of real estate and a pay-
ment of damages to the plaintiff for breach of a contract, this court,
because the suit was tried upon a modification of the contract which was
not set out in the bill, by a rescript gave the plaintiff leave to amend by
including the modification in the bill, and ordered that, if the amend-
ment was filed, the decree appealed from should be affirmed. The
plaintiff thereupon moved in the Superior Court to be allowed to
amend, giving notice under the court's order to a surety upon a bond
which had been given by the defendant to dissolve an attachment. An
interlocutory decree was entered allowing the amendment, from which
the surety appealed.   A final decree for the plaintiff confirming the final
decree formerly entered then was entered.   Failing to appeal season-
ably, the surety was allowed by this court to appeal late from the final
decree.   *Held*, that
   (1) *Whether* an appeal by the surety under G. L. c. 231, § 138, solely
from the interlocutory decree allowing the amendment would lie to this
court, was not determined;
   (2) The case properly was before this court upon the appeal from the
final decree after rescript, and the question, whether the surety was
bound by the allowance of the amendment, could be considered;
   (3) There was no error of law in allowing the amendment.

BILL IN EQUITY, filed in the Superior Court on August 2,
1922, and afterwards amended, seeking reconveyance of real
estate conveyed to the defendant under the provisions of a
contract in writing which, it was alleged, the defendant had
broken.

The suit previously was before this court on an appeal by
the defendant from a final decree in the plaintiffs' favor,
reported in 249 Mass. 516, and the following rescript was
issued: "The plaintiffs are given leave to amend the bill
within thirty days after rescript by setting out the modified
contract.   If the amendment is filed the entry will be de-
cree affirmed; if the amendment is not filed the entry will be
decree reversed."

The motion to amend accordingly was filed and was heard in the Superior Court by *O'Connell*, J., the surety company having been served with notice of the hearing by order of the court. By order of the judge, an interlocutory decree allowing the amendment was entered on July 9, 1924, after a hearing. The surety appealed.

On October 3, 1924, a final decree for the plaintiffs was entered, conforming to the terms of the final decree approved when the suit previously was before this court. Proceedings relating to a late appeal from the final decree, allowed by this court on December 12, 1924, are described in the opinion.

*G. P. Davis*, for the bonding company.

*J. C. Johnston*, for the plaintiffs.

CARROLL, J. The rescript in *Weinstein* v. *Miller*, 249 Mass. 516, ordered that the plaintiff be given leave to amend within thirty days, by setting out the modified contract. By an interlocutory decree dated July 9, 1924, the amendment was allowed. The defendant, the Massachusetts Bonding and Insurance Company, surety on the bond to dissolve the attachment, was notified to appear at the hearing on the allowance of the amendment, by an order of notice obtained by the plaintiff. The bonding company duly appealed from this interlocutory decree allowing the amendment, but took no appeal from the final decree within the time limited therefor. Thereafter, the bonding company filed a petition before the full court, for leave to appeal late from the final decree of the Superior Court, which petition was granted, provided the appeal was entered in the Supreme Judicial Court before December 30, 1924. The bonding company appealed from the final decree, and the appeal was entered in accordance with an order of the Supreme Judicial Court.

The plaintiff contends that the appeal is not before us; that there could be no appeal from a final decree entered in accordance with a rescript of the full court, and that the appeal from the interlocutory decree does not bring the case to this court. By G. L. c. 231, § 138, the allowance by the court of an amendment shall be conclusive evidence of the identity of the cause of action, but no person other than the

parties to the record are to be bound by such allowance, unless they are notified of the application for leave to amend, and are given an opportunity to be heard thereon; "and such third parties shall have the right of exception or appeal." The appeal from the interlocutory decree was seasonably filed. We need not discuss the question whether such an appeal, by itself, will lie to this court. See G. L. c. 214, § 26. *Macurda* v. *Fuller*, 225 Mass. 341. *Sciola's Case*, 236 Mass. 407, 415.

By G. L. c. 214, § 28, a party who by accident or mistake has omitted to claim an appeal from a final decree within the time prescribed, may, within one year after the entry of the decree from which he desires to appeal, petition the full court for leave to appeal, which may be granted upon terms. The bonding company petitioned under this statute, and its petition was granted. The company having appealed from the interlocutory decree, and its petition to enter an appeal late having been granted by the full court, the case is properly before us and the question whether the bonding company is bound by the allowance of the motion amending the bill of complaint can be considered. See *McFeely* v. *Scott*, 128 Mass. 16.

The opinion in *Weinstein* v. *Miller*, *supra*, at page 522, states that "The plaintiffs are given leave to amend within thirty days after rescript by setting out the modified contract." The court may, at any time before final judgment, allow amendments to enable the plaintiff to sustain the action for the cause for which it was intended to be brought. G. L. c. 231, § 51. For the application of this statute to suits in equity, see *King* v. *Howes*, 181 Mass. 445. The amendment did not affect the amount for which the surety was liable. The case apparently was tried on the modified contract and the surety was not harmed by the allowance of the amendment setting up the modification of the contract. The amendment was in a matter of pleading or procedure. The surety was notified before the allowance of the amendment was made. *Savage* v. *Welch*, 246 Mass. 170. In that case, at page 182, it was said: "The circumstances were such at the time this motion to file a substitute declaration was

allowed that, if the case had come before this court, it would have been competent for us to order any amendment made in the pleadings to meet the case made by the evidence." The amendment was merely to put in proper form the statement of the cause upon which the suit was brought, and the surety was bound by the ruling of the court. *King* v. *Howes, supra. Morton* v. *Shaw,* 190 Mass. 554. The case is governed by *Driscoll* v. *Holt,* 170 Mass. 262, *Morton* v. *Shaw, supra,* and *Savage* v. *Welch, supra.* See *Martell* v. *Dorey,* 235 Mass. 35, 39, 40. *Holmes* v. *Carraher, post,* 536. In *Curnow* v. *Goodman,* 244 Mass. 265, the amendment was allowed without notice to the sureties of the plaintiff's application for leave to amend; while in the case at bar, the surety was notified of the hearing on the proposed amendment and had an opportunity to be heard. G. L. c. 231, § 138. There was no error of law in allowing the amendment.

The interlocutory and final decrees are affirmed, with costs.

*So ordered.*