UZECE BOURBEAU & another *vs.* HARRISON M. WHITTAKER.

Franklin.     September 19, 1928. — January 2, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Supreme Judicial Court,* Rescript. *Superior Court. Equity Pleading and Practice,* Master: report; Decree: after rescript; Amendment; Appeal.

Where, after the filing of a master's report in a suit in equity, no action was taken upon the report and a final decree was entered dismissing the bill, it *was stated,* upon appeal to this court from the decree, that there should have been some decree entered concerning the report.

In a suit in equity in the Superior Court seeking reformation of certain deeds, the plaintiff alleged fraud of the defendant. A master found that the deeds did not conform to the parties' agreement, but that this was due to mutual mistake of the parties acting in good faith, and that there had been no fraud. No exception was taken to the master's report. A decree was entered dismissing the bill, from which the plaintiff appealed. A motion filed in this court by the plaintiff to amend the bill by adding allegations of mutual mistake was denied, and a rescript was sent discharging the appeal and remanding the suit to the Superior Court "for the purpose of there applying for an amendment to the record, and when such application shall have been acted upon the case is to be returned" to this court for argument upon the amended record. Thereupon a judge of the Superior Court allowed a motion by the plaintiff that he be allowed to amend the bill to conform to the master's findings by inserting in place of the allegations of fraud allegations of mutual mistake, and also allowed a motion by the defendant that the suit be recommitted to a new master. Upon appeal by the plaintiff, it was *held,* that

(1) By the rescript above described the suit was not discharged as a whole from this court and remanded to the Superior Court for the exercise of its general jurisdiction; the suit was remanded for the sole and limited purpose of enabling the Superior Court to determine whether the record was a true record or whether it should be amended in order to constitute a true record, and to enable the plaintiff to move to amend the bill so that it might conform to such facts as were found by the master after full hearing;

(2) If the judge of the Superior Court found that there had been a full and fair trial before the master of the issues covered by his report but not raised by the pleadings, such a motion ought to be allowed in the absence of any exception saved at the trial or to the master's report; but if the judge should be unable to find that there had been such a full and fair trial, the motion should be denied;

(3) In the circumstances, the second appeal by the plaintiff properly was before this court: it was not an appeal from an order or decree merely interlocutory, but raised the question of the jurisdiction of the Superior Court to take the action which it did under a rescript from this court; and it was treated as a return of the record to this court in accordance with that rescript;

(4) The action taken by the judge of the Superior Court was beyond the scope of the rescript, and, this court being unable to determine the meaning of the allowance of both motions by the judge, a rescript was entered setting aside both orders allowing the motions, discharging the plaintiff's second appeal, and remanding the suit to the Superior Court with certain specific directions as to procedure which would accomplish justice between the parties by making certain that both of them should have an opportunity to be heard fully on all issues.

BILL IN EQUITY, filed in the Superior Court on August 19, 1922.

Proceedings in the Superior Court before *Irwin,* J., and in this court upon appeal are described in the opinion.

*F. J. Lawler,* for the plaintiffs, submitted a brief.

RUGG, C.J.    This is a suit in equity.    The frame of the bill as originally filed set out ownership by the parties of several parcels of real estate subject to certain mortgage encumbrances, and an exchange of these parcels by deeds which, through the fraud of the defendant, failed to express the agreement of the parties to the effect that each as a part of the consideration should assume and pay existing described mortgages upon the parcels conveyed.    The prayers were for a reformation of each deed so as to conform to such agreement and for assessment of the damages sustained by the plaintiffs.    The answer admitted allegations as to ownership of the several parcels and the mortgage encumbrances thereon, but denied allegations as to fraud.    The answer was insufficient under Equity Rule 6 (1926), *Corkum* v. *Clark,* 263 Mass. 378, and cases there collected.    But no objection was taken on this point.    The case was sent to a master.    His findings were to the effect that the agreement was as alleged in the bill, that the deeds did not express that agreement in the respect that the grantees were to assume and pay as part of the consideration the specified mortgage encumbrances on the parcels conveyed, that this omission arose through the mutual mistake of all parties to

the transaction acting in good faith, and that the defendant had made no misrepresentations and had committed no fraud. A finding was made as to damages sustained by the plaintiffs. Upon the filing of the master's report, the plaintiffs moved that it be confirmed, and the defendant, that the bill be dismissed because the ground of relief alleged was fraud of the defendant and the finding of the master was that there was no fraud. Thereupon no action by the court was taken touching the master's report, although there ought to have been a decree concerning it. *American Circular Loom Co.* v. *Wilson,* 198 Mass. 182, 200. But, after hearing, it was ordered that a decree be entered dismissing the bill. The plaintiff appealed from that order.

In that state of the record the case was entered in the full court and was upon the list at its sitting for the county of Franklin in 1927. A motion was made by the plaintiffs in the full court that the bill be amended by adding a paragraph setting up mutual mistake of the parties in framing the deeds whereby the agreement that the grantees should assume and pay the mortgage encumbrances upon the granted premises was omitted. This motion was denied; but a rescript under date of October 19, 1927, was sent, of this tenor: "Appeal discharged and case remanded to the Superior Court for the purpose of there applying for an amendment to the record, and when such application shall have been acted upon the case is to be returned to the Supreme Judicial Court for argument upon the record as then constituted."

The meaning of this rescript is that the case was discharged temporarily for the strictly limited purpose of enabling the Superior Court to examine and determine whether the record as printed was correct and conformed to the facts of the trial, or whether it ought to be amended in order to be a true record of what had occurred in that court up to the time of the appeal from the final decree. See *Harrington* v. *Boston Elevated Railway,* 229 Mass. 421, 432. The case was not discharged as a whole and sent back to the Superior Court for the exercise of its general jurisdiction. Copies and other papers, if any, not connected with the part of the record sought to be corrected, remained in the full court and the

case was to be returned here as soon as the strictly limited purpose of the discharge was accomplished. It is to be observed also that the final decree dismissing the bill was not reversed or modified, but remained a part of the record in the case. The whole scope of the rescript was to enable the Superior Court on proper motion to determine whether the record was correct and full and in conformity to the truth in respect to the issues actually tried before the master. This is thoroughly established practice. An amplified statement of it with full citation of authorities is found in *Burbank* v. *Farnham*, 220 Mass. 514, 515, 516. See also *Tighe* v. *Maryland Casualty Co.* 216 Mass. 459; *Ott* v. *Hogan*, 254 Mass. 491, 493; *Boucher* v. *Hamilton Manuf. Co.* 259 Mass. 259, 267. It does not impinge at all upon the well settled principle that after final decree in equity the case is finally disposed of subject only to rights of appeal and bill of review, *White* v. *Gove*, 183 Mass. 333, 340, *Donovan* v. *Danielson*, 263 Mass. 419, 423, 424, because whatever is done is pursuant to rescript of this court. Under such a form of rescript the jurisdiction of the Superior Court is confined within the narrow bounds specified and does not extend to other matters. The case in a sense is still pending in the Supreme Judicial Court. The sole purpose of such a rescript is to make sure that the case is presented to the full court in the form in which it ought to be presented to the end that justice according to law may be done between the parties. It is the duty of the Superior Court to follow implicitly the terms of the rescript and not to travel outside what is there laid down. *Day* v. *Mills*, 213 Mass. 585, 587. *Merrick* v. *Betts*, 217 Mass. 502. *Carchidi* v. *Kalayjian*, 264 Mass. 230, 232.

It is manifest from the allegations of the bill and the findings of the master that the design of the full court in sending a rescript of the tenor described was to enable the plaintiffs to move to amend their bill so that its allegations might conform to the facts found by the master. Such a motion after a hearing ought to be allowed if the judge found that there had been a full and fair trial before the master on the issues covered by the report but not raised by the plead-

ings, and it ought to be denied if the judge is in doubt on that point. Scrupulous judicial care ought always to be exercised to be certain that there has been a full and fair hearing on the issues thus covered by the master and not raised by the pleadings. The proper practice was for the parties to have made the pleadings conform to the issues tried before the report of the master was filed. *Fisher* v. *Doe,* 204 Mass. 34, 39. But no objection and exception appear to have been made in connection with the trial before the master, and no exception was saved to the master's report. The statute as to amendments is broad and it applies to proceedings in equity as well as to those at law. G. L. c. 231, §§ 51, 144. *Strout* v. *United Shoe Machinery Co.* 215 Mass. 116, 119. It is recognized practice in appropriate instances in actions at law to allow pleadings to be amended to conform to findings of an auditor, *Fisher* v. *Doe,* 204 Mass. 34, 39, or, after verdict, to the evidence introduced at the trial. *Pizer* v. *Hunt,* 253 Mass. 321, 331, 332, and cases there collected. This practice as to the allowance of amendments applies to proceedings in equity. A master and the court on objection ought not to proceed to a hearing on issues not presented by the pleadings; but where no objection has been made or exception taken and there has been a full and fair hearing, there is no reason why the pleadings may not be amended to conform to the facts found rather than the parties and the Commonwealth be put to the expense of a new trial. *King* v. *Howes,* 181 Mass. 445. *Martell* v. *Dorey,* 235 Mass. 35, 40. *Bauer* v. *Mitchell,* 247 Mass. 522, 526. *Weinstein* v. *Miller,* 249 Mass. 516, 522; *S. C.* 251 Mass. 503, 505. Resort has been had to this practice where there has been a full and fair trial before a master on an issue not clearly raised by the pleadings. *Narragansett Amusement Co.* v. *Riverside Park Amusement Co.* 260 Mass. 265, 278.

When this matter was taken up in the Superior Court pursuant to the rescript already described, this is what occurred: The plaintiffs filed a motion reciting that it was necessary to amend the bill in order to make it conform to the master's report and to enable the plaintiffs to secure equitable relief and sustain the action for the cause for which

it was brought, and praying for leave to amend the bill by striking out the allegations of fraud on the part of the defendant and inserting in place thereof allegations as to mutual mistake in the terms of the deeds. On December 2, 1927, this motion was allowed. On the same date the defendant filed a motion to recommit the case to another master on the ground that the bill as amended set out a cause of action on which he had had no opportunity for trial and that the master theretofore appointed, having made a finding upon that cause of action although not set out in the pleadings, was not impartial. This motion also was allowed and the case ordered sent to a new master. From this order the plaintiffs appealed. On that appeal the record is now before us.

In the ordinary case the orders allowing these motions would present only interlocutory steps in equity litigation. They could not be brought before this court for revision until there was appeal from a final decree, unless reported for our determination under G. L. c. 214, § 30. *Hutchins* v. *Nickerson*, 212 Mass. 118, 120. *Romanausky* v. *Skutulas*, 258 Mass. 190, 192. This, however, is not the ordinary case. It is a case where the only jurisdiction in the Superior Court under the rescript was to decide whether an application for an amendment to the record ought to be allowed, and when that application had been acted on the case was to be returned here for argument on the record as then constituted. We treat the appeal of the plaintiffs as a return of the record to this court in accordance with the rescript.

It is manifest that the limits of the rescript were overstepped by the Superior Court. The motion to amend the bill as filed was imperfect in that it did not set out in substance that the issue of mutual mistake was fully and fairly tried before the master by the implied or express assent of the defendant, and that the allowance of the amendment was to correct the record so as to make it conform to the truth, and was in the interest of expedition of justice. On such a motion the question described in the rescript would have been squarely presented for decision. If such a motion had been allowed, clearly the motion of the defendant ought to

have been denied. The allowance of the motion of the defendant seems to indicate that that of the plaintiffs ought to have been denied. We are unable to determine what was meant by the allowance of both motions in the light of the terms of the rescript. The rescript showed that the only question open under it was a correction of the record, not a retrial of the case. The Superior Court had no power to do anything save to follow the rescript.

It seems plain to us that all the proceedings in the Superior Court since the rescript have been had under a misconception of what was open for consideration. Therefore both orders of the Superior Court made on December 2, 1927, are set aside. The appeal to this court is discharged and the case remanded to the Superior Court for the purpose of enabling either party to apply there for an amendment of the record in order that it may express the truth respecting the issues fully and fairly tried before the master. If it shall appear after hearing that the issue of mutual mistake as to the terms of the deeds was fully and fairly tried, the bill may be amended so as to conform to the findings made by the master and the case returned to this court for argument upon the record as then constituted. If it shall appear after hearing that that issue was not fully and fairly tried before the master, then it shall be determined whether, in order to do justice between the parties, an amendment ought to be allowed setting up mutual mistake as a ground for relief; if such amendment is not allowed, then the case is to be returned to this court for argument upon the original appeal; if such amendment is allowed, then the final decree dismissing the bill is set aside and further proceedings to settle the rights of the parties on the new issue thus raised may be had in the Superior Court according to usual equity practice; in this event an interlocutory decree is to be entered concerning the master's report.

It is to be observed that the rescript now sent is somewhat broader than the one hitherto sent. It opens the opportunity for correction of the record and the final disposition of the case in this court on a corrected record or on the original record if that is correct and the bill ought not to be

amended. It also opens the opportunity for a new trial of the issue of mutual mistake provided the essential prerequisite findings are made to the effect that that issue has not been already fully and fairly tried and ought to be tried in order to do justice between the parties.

There has been so much misunderstanding in connection with the earlier rescript that this full statement has seemed necessary and a broadening of the original rescript wise.

*Ordered accordingly.*