UZECE BOURBEAU & another *vs.* HARRISON M. WHITTAKER.

Franklin.   September 16, 1931. — October 1, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Deed,* Reformation. *Equity Jurisdiction,* Mistake, Reformation   *Equity Pleading and Practice,* Amendment.

After the entry in this court, in a suit in equity for reformation of a deed on the ground of fraud, of an appeal by the plaintiff from a final decree, following a report by a master, dismissing the bill, a motion by the plaintiff in this court to amend the bill into a bill for reformation of the deed on the ground of mutual mistake was denied and the

appeal was discharged and the suit remanded to the Superior Court "for the purpose of there applying for an amendment to the record," after which the suit was to be returned to this court for argument upon the amended record. Thereafter, after hearing in the Superior Court, such amendment was allowed and the suit was returned to this court with the record so amended. It appearing that the issue of mutual mistake had been fully heard by the master and determined in the plaintiff's favor, the decree dismissing the bill was reversed and a decree was ordered granting the plaintiff the relief sought.

BILL IN EQUITY, filed in the Superior Court on August 19, 1922, originally for reformation of a deed on the ground of fraud.

Previous proceedings in the suit are described in 265 Mass. 396. After rescript in accordance with that decision, the plaintiff moved in the Superior Court for leave to amend the bill, as stated in the opinion. The motion was heard by *Lummus*, J., by whose order a decree was entered allowing the motion to amend the bill, correcting the record before this court on appeal by the addition of such amendment, and returning the case to this court for further proceedings.

*F. J. Lawler*, for the plaintiffs, submitted a brief.

No argument nor brief for the defendant.

RUGG, C.J. This is a suit in equity. The history of the case is set out in 265 Mass. 396. The original frame of the bill was based on the theory that deeds between the parties, whereby was effected an exchange of real estate owned by the plaintiffs for real estate owned by the defendant, did not express, by reason of the fraud of the defendant, the agreement of the parties as to the obligation to assume and pay mortgages on the respective parcels of real estate. Reformation of the deeds was sought, and recovery of money alleged to have been expended by the plaintiffs which ought to be repaid to them by the defendant. The case was referred to a master under a rule requiring him to report his findings without report of the evidence. His material findings were these: Prior to the date of the deeds, the plaintiffs owned land in Colrain subject to a mortgage given by them for $3,600, and the defendant owned land in Greenfield subject to a mortgage for $2,000. The parties agreed to trade these parcels of

land and to assume title to the land to be conveyed by each to the other, and they further agreed that each was to assume and pay the mortgage of the other; that is, the plaintiffs were to assume and pay the mortgage on the land granted to them in Greenfield, and the defendant was to assume and pay the mortgage on the land in Colrain. There was no fraud, and all parties acted in good faith; but by mutual mistake the deeds as drawn did not express the terms of the oral agreement which had been made and which the parties intended to carry out, in that the agreement of the grantee or grantees to assume and pay the preëxisting mortgage on the land conveyed was omitted from each deed. The defendant took possession of the Colrain land. Shortly afterwards, the mortgagee foreclosed the mortgage given by the plaintiffs thereon for $3,600, sold the land for $2,000, subsequently brought action against the plaintiffs for the balance due on the mortgage note, and recovered judgment for $1,810, which judgment the plaintiffs have satisfied. No objections nor exceptions were taken to the master's report. His findings of fact are, therefore, final.

It was ordered that a decree be entered dismissing the bill. The plaintiff appealed. After various proceedings, set forth in 265 Mass. 396, when the case was here at an earlier stage, a motion to amend the bill by alleging as the ground for relief mutual mistake in the terms of the deeds, in order to conform to the facts found by the master, came on to be heard in the Superior Court. At such hearing it was found that the issues of mutual mistake as presented by the bill as proposed to be amended, and all issues dealt with in the report of the master, were fully and fairly tried before the master, and the motion to amend the bill was allowed. The case is now returned to this court, in accordance with the prior decision, for determination upon the record as at present constituted.

The posture of the case is that it has been found, after a full and fair hearing, that there was a mutual mistake in the deeds whereby the exchange of land between the parties was effected. That issue, although not raised by

the bill at the time of the hearing before the master, was fully and fairly tried before him without objection or exception, and the bill has now been amended so as to raise that issue. That course was held to be permissible when the case was here before. The order for a decree dismissing the bill was proper when made, because the allegations of the bill at that time were not supported by the facts found by the master. Such decree would not now be proper because the bill has been amended in order to conform to the findings of the master. The allegations of the bill as amended are supported by those findings. The facts now disclosed make out a case for reformation of the deeds on the ground of mutual mistake. *Hillside Co-operative Bank* v. *Cavanaugh*, 232 Mass. 157, 160. *Crowley* v. *Holdsworth*, 264 Mass. 303, 308. *Keith* v. *Thomas*, 266 Mass. 566, 570.

The order for a decree dismissing the bill is reversed. Interlocutory decree is to be entered confirming the master's report. Final decree is to be entered for reformation of the deeds and for damages to the plaintiffs, all as found by the master, with costs to the plaintiffs.

*Ordered accordingly.*