WILLIAM A. BOUDROT, executor, *vs.* ELEONORE ORMANCE COLE & another.

Suffolk.    November 7, 1933. — February 15, 1934.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Equity Pleading and Practice,* Bill, Answer, Waiver, Decree. *Equity Jurisdiction,* Adequate remedy at law. *Waiver.*

In a suit in equity by a woman seeking the return to her of a certain share of corporate stock on the ground that the defendant had obtained a certificate therefor by fraud after the plaintiff had directed her brother to have the share transferred into the defendant's name but to deliver the certificate only·on certain conditions, the defendant filed an answer alleging by way of counterclaim that the plaintiff had transferred another share to the brother in trust for the defendant

and seeking to have the brother made a party and to have the second share transferred to the defendant. The brother appeared and answered, alleging that the defendant obtained the certificate for the first share without authority, and claiming title to the second share. It was found that the certificate for the first share was not obtained by the defendant fraudulently, but that he obtained it without authority; and that the plaintiff's brother was entitled to the second share. A final decree was entered in the plaintiff's favor with respect to the first share, also adjudging that the second share belonged to the brother. Upon appeal by the defendant, it was *held*, that

(1) The proceedings could not properly be dismissed as an entirety without a determination of the issue as to the ownership of the second share, which issue was raised by the counterclaim of the defendant and the answer of the brother;

(2) Although the bill was grounded solely on fraud, which was not proved, that circumstance did not prevent relief upon any other ground open under the pleadings, especially as the point that the decree went beyond the scope of the bill was not argued before this court;

(3) The brother's answer, in aid of the bill, put in issue the defendant's authority to obtain the certificate for the first share and thus raised the issue determined by the decree with respect to that share;

(4) The defendant's counterclaim was a waiver of a defence that the plaintiff had an adequate remedy at law;

(5) The decree must be affirmed.

BILL IN EQUITY, filed in the Superior Court on August 20, 1932, by Lillian A. Boudrot and prosecuted after her death by the executor of her will, seeking transfer to the plaintiff of twenty-five shares of United Shoe Machinery Corporation stock and eight shares of Southern California Edison Company stock.

The parties and pleadings are described in the opinion. The suit was referred to a master, who found that the other shares of corporate stock mentioned in the opinion were received by William A. Boudrot in trust to pay the dividends thereon to the original plaintiff during her life and after her death to hold said shares for his own use. Other material findings and a final decree entered by order of *Keating*, J., are described in the opinion. The master's report was confirmed by an interlocutory decree entered by the judge's order. The defendant Eleonore Ormance Cole appealed.

*J. J. Butler*, for the defendant Eleonore Ormance Cole.

*G. H. McDermott*, for the defendant William A. Boudrot.

LUMMUS, J. The defendant Eleonore Ormance Cole, wife of the other defendant Frank A. Cole, is a niece of the original plaintiff, Lillian A. Boudrot. Expecting to die within a few months, the original plaintiff went to live with the defendants, and Mrs. Cole orally agreed to care for the original plaintiff during her life. As part of the consideration, the original plaintiff on June 23, 1932, executed a transfer of twenty-five shares of stock of United Shoe Machinery Corporation and eight shares of stock of Southern California Edison Company to the defendant Eleonore Ormance Cole, and directed one William A. Boudrot, a brother of the original plaintiff, to have the shares transferred into the name of Mrs. Cole but to retain the new certificates until the original plaintiff should die and then to deliver them to Mrs. Cole if she should have performed her agreement to take good care of the original plaintiff during her life. The defendant Eleonore Ormance Cole, in violation of the agreement, obtained delivery of the new certificates from the transfer agent, and the original plaintiff did not demand them from her immediately upon learning the fact, but did so a few days later when on July 31, 1932, she moved away from the household of Mrs. Cole because of the failure of Mrs. Cole to furnish proper care. Shortly afterwards Mrs. Cole sold the eight shares of stock of Southern California Edison Company for $195. On August 20, 1932, the original plaintiff, in apparent ignorance of the fact that some of the stock had been sold, brought this bill for redelivery and retransfer of the stock of both corporations, alleging a contract to care for her on the part of both defendants and fraud on the part of both in that they never intended to perform the contract.

No contract on the part of the defendant Frank A. Cole, and no such fraud on the part of either defendant, was found. By way of counterclaim under Rule 32 of the Superior Court (1932) the defendants set up that William A.

Boudrot, at the time of the execution of the transfer of stock to Mrs. Cole, received from the original plaintiff a transfer of other shares to him, which he held in trust for Mrs. Cole, and prayed that William A. Boudrot be made a party and be ordered to transfer said other shares to Mrs. Cole. William A. Boudrot appeared and answered, claiming title to said other shares. On January 1, 1933, the original plaintiff died, and said William A. Boudrot as executor of her will was admitted as plaintiff to prosecute this bill. A master found the foregoing facts in substance, except those alleged in the counterclaim. Exceptions to his report were overruled, and his report was confirmed.

A final decree was entered, dismissing the bill as against the defendant Frank A. Cole; ordering the defendant Eleonore Ormance Cole to transfer to the plaintiff executor the twenty-five shares of stock of United Shoe Machinery Corporation and pay him the· $195 received from the sale of shares of Southern California Edison Company; and adjudging that the other shares claimed by the counterclaim are the property of William A. Boudrot personally. The defendant Eleonore Ormance Cole appealed.

No substantial question of law is argued. The findings of the master are not, as is urged, inconsistent with each other. It is true that the bill rested on fraud, and fraud was not proved; but that does not prevent relief upon any other ground open under the pleadings. *Kidder* v. *Greenman,* 283 Mass. 601. The proceedings could not properly be dismissed as an entirety without a determination of the issue as to the ownership of the shares transferred to William A. Boudrot, which was raised by the counterclaim of the defendants themselves and the answer of William A. Boudrot. The bill indeed shows no ground for relief in favor of the plaintiff other than the unproved fraud. *Donohue* v. *White,* 247 Mass. 479, 482. *Bourbeau* v. *Whittaker,* 265 Mass. 396, *S. C.* 277 Mass. 28. *Barbour* v. *Sampson,* 266 Mass. 180. But the answer of William A. Boudrot set up the obtaining of possession of the new certificates by Mrs. Cole without authority and in violation of the agreement, and thus raised the issue determined by the decree and

aided the bill. *Cavender* v. *Cavender*, 114 U. S. 464, 471. *Richardson* v. *Green*, 61 Fed. Rep. 423, 431, 436. *City of Denver* v. *Mercantile Trust Co. of New York*, 201 Fed. Rep. 790, 810. *Linton* v. *Omaha Wholesale Produce Market House Co.* 218 Fed. Rep. 331, 335. Besides, the point that the decree went beyond the scope of the bill has not been argued. The point that an adequate remedy at law existed was waived and lost when the defendants voluntarily set up a counterclaim in their answer, bringing in a new party, and thus recognized that the case was properly in the court in equity. *American Mills Co.* v. *American Surety Co. of New York*, 260 U. S. 360, 366.

*Decree affirmed with costs.*