THE NATIONAL ROCKLAND BANK OF BOSTON, special administrator, *vs.* J. BEATRICE JOHNSTON.

Middlesex.  December 14, 1937. — December 29, 1937.

Present: RUGG, C.J., FIELD, LUMMUS, QUA, & COX, JJ.

*Equity Pleading and Practice*, Appeal, Answer, Decree.

The sole question, presented to this court upon an appeal from a decree of a probate court in equity without a report of evidence or a statement by the judge of material facts leading to a conclusion of fact stated in the decree, was whether the decree rightly could have been entered on the pleadings.

A respondent in a petition in equity in a probate court, by averring ownership of a bank book in his answer in reply to an averment in the petition of doubt as to who owned it, presented the issue of ownership to the trial court, and justified a decree on that issue.

PETITION IN EQUITY, filed in the Probate Court for the county of Middlesex on February 18, 1937.

The respondent appealed from a final decree entered after a hearing by *Monahan*, J. There was no report of evidence or of material facts filed by the judge other than the conclusion of fact stated in the decree.

*J. E. Angoff*, (*A. R. Winer* with him,) for the respondent.

*T. F. Brennan*, for the petitioner.

RUGG, C.J. This is a petition brought in the Probate Court by the special administrator of the estate of Eliza G. Ledder, who died testate on January 29, 1937. The petitioner was duly appointed and qualified as special administrator of her estate and filed a bond; it brings this petition against J. Beatrice Johnston, the respondent, and alleges that she is the only person interested in the matter. These facts are admitted by the answer. The only further allegation in the petition is that the petitioner is in doubt as to the ownership of a specified bank book in a savings bank now in the possession of J. Beatrice Johnston. The prayers of the petition are that ownership of the bank book may be determined and a decree entered as to whom the bank

book and its proceeds should be delivered, and that there be a determination whether the said savings bank book or the proceeds thereof constitute a part of the assets of the estate of Eliza G. Ledder, and also whether $2,000 withdrawn from the account by the said Johnston on or about January 28, 1937, are assets of said estate. The answer denies that possession of the bank book is in the respondent. It further avers that the respondent turned the bank book over to The National Rockland Bank in February, 1937, and received a receipt therefor; that "It was definitely understood at that time that the so-called delivery was for temporary purposes only and was not in any way to have any bearing as to the question of title or actual ownership of said bank book"; and that said bank book "was delivered to her by the deceased, Eliza G. Ledder sometime before her death with the definite understanding that it was a gift inter vivos." The decree was to the effect that "the deposit represented by said bank book, together with two thousand dollars withdrawn therefrom by said respondent, are assets of said estate" of Eliza G. Ledder, and that the respondent pay to the petitioner as special administrator the sum of $2,000. The appeal of the respondent brings the case here.

There is no report of the evidence presented at the hearing in the Probate Court. Therefore it must be presumed that the trial judge acted upon sufficient evidence to support the decree made by him. *First Baptist Society in Brookfield* v. *Dexter*, 193 Mass. 187, 189. *Jordan* v. *Ulmer*, 237 Mass. 577, 580. The only question presented on this appeal, therefore, is whether the decree could rightly have been entered upon the pleadings. *Briggs* v. *Sanford*, 219 Mass. 572, 573. It is an elementary rule in equity that the bill must contain a clear and exact statement of material facts entitling the plaintiff to relief. *Drew* v. *Beard*, 107 Mass. 64, 73. *Donohue* v. *White*, 247 Mass. 479, 482. Relief in equity is limited by the allegations contained in the bill. *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 9. *Pickard* v. *Clancy*, 225 Mass. 89, 95. *Gamwell* v. *Bigley*, 253 Mass. 378, 380, 381, 382. *Dubinsky* v. *Cama*,

261 Mass. 47, 58. *Bourbeau* v. *Whittaker,* 265 Mass. 396, 400.

The allegations in the present petition are very meager. They do not recite that the bank book is in the possession of the petitioner. They do not assert that title to the bank book is in the petitioner or in the estate of Eliza G. Ledder. They do not set forth any duty on the part of the petitioner with respect to the bank book. They simply assert doubt as to the ownership of property in the hands of the respondent. The respondent, however, aided the insufficiency of the petition by asserting a title to the bank book in herself derived by gift by actual delivery from Eliza G. Ledder during her lifetime. In substance and effect this answer joined issue with the petitioner on the theory that the petitioner by its petition was asserting title to be in the estate of Eliza G. Ledder. It thus "raised the issue determined by the decree and aided the bill." *Boudrot* v. *Cole,* 285 Mass. 353, 356, 357, and cases cited. *Stratton* v. *Hernon,* 154 Mass. 310, 313. See *Vinal* v. *Richardson,* 13 Allen, 521, 525; *Slack* v. *Lyon,* 9 Pick. 63, 65.

*Decree affirmed.*